COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS. 2-06-116-CR 

       2-06-117-CR 

       2-06-118-CR

JASON RAND EASLEY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

Appellant Jason Rand Easley appeals from his convictions for possession of a controlled substance, forgery by possession of a forged writing (U.S. currency), and theft of a vehicle.  We affirm.

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of the motion.  In the brief, counsel avers that, in his professional opinion, these appeals are frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
(footnote: 2) by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  Also, appellant was given the opportunity to file a pro se brief, but he has not done so.

Once an appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, this court is obligated to undertake an independent examination of the record and essentially to rebrief the case for appellant to see if there is any arguable ground that may be raised on appellant’s behalf.
(footnote: 3)  Because appellant entered an open plea of guilty, our independent review for potential error is limited to potential jurisdictional defects, the voluntariness of appellant’s plea, error that is not independent of and supports the judgment of guilt, and error occurring after entry of the guilty plea.
(footnote: 4)
 Our independent review of the record reveals that counsel has correctly determined that there are no arguable grounds for relief.  There are no jurisdictional defects.  The indictments conferred jurisdiction on the trial court and provided appellant with sufficient notice to prepare a defense.
(footnote: 5)  

There are no errors that are not independent of the judgment of guilt or that occurred after entry of the pleas.  The record reflects that appellant knowingly and voluntarily entered his pleas.  He signed written plea admonishments that complied with article 26.13 of the code of criminal procedure.
(footnote: 6)  Appellant also signed a judicial confession for each offense.  The trial court accepted appellant’s pleas and held a separate hearing on punishment.  Appellate counsel identifies as a potential issue the excessiveness of appellant’s sentence.  But counsel concedes that the punishment assessed—six years for each offense—is well within the statutory range.
(footnote: 7)   Generally, punishment assessed within the statutory limits is not excessive.
(footnote: 8)
 Because there is no arguable ground that may be raised on appellant’s behalf in these appeals, we grant counsel’s motion to withdraw and affirm the trial court’s judgments. 

PER CURIAM

PANEL F: CAYCE, C.J.; DAUPHINOT and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  February 15, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
386 U.S. 738, 87 S. Ct. 1396 (1967).

3:
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

4:
Monreal v. State,
 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); 
Young v. State,
 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); 
Flowers v. State,
 935 S.W.2d 131, 132-33 (Tex. Crim. App. 1996), 
disapproved on other grounds by Cooper v. State,
 45 S.W.3d 77 (Tex. Crim. App. 2001)); 
Jack v. State,
 871 S.W.2d 741, 743-44 (Tex. Crim. App. 1994).

5:
See
 Tex. Const. 
art. V, § 12(b); 
Tex. Code Crim. Proc. Ann. 
art. 4.05 (Vernon
 2005); 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997). 

6:
Tex. Code Crim. Proc. Ann.
 art. 26.13(a), (d) (Vernon Supp. 2006).

7:
See
 
Tex. Penal Code Ann.
 §§ 12.33–.34 (Vernon 2003), 
id.
 § 12.42(a) (Vernon Supp. 2006).

8:
Jordan v. State,
 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); 
Dale v. State,
 170 S.W.3d 797, 799 (Tex. App.—Fort Worth 2005, no pet.).