COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                       NOS.
2-06-116-CR 

       2-06-117-CR 

       2-06-118-CR

 

 

JASON RAND EASLEY                                                         APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 396TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

Appellant Jason Rand Easley
appeals from his convictions for possession of a controlled substance, forgery
by possession of a forged writing (U.S. currency), and theft of a vehicle.  We affirm.








Appellant=s court-appointed appellate counsel has filed a motion to withdraw as
counsel and a brief in support of the motion. 
In the brief, counsel avers that, in his professional opinion, these
appeals are frivolous.  Counsel=s brief and motion meet the requirements of Anders v. California[2]
by presenting a professional evaluation of the record demonstrating why there
are no arguable grounds for relief. 
Also, appellant was given the opportunity to file a pro se brief, but he
has not done so.

Once an appellant=s court-appointed counsel files a motion to withdraw on the ground
that the appeal is frivolous and fulfills the requirements of Anders,
this court is obligated to undertake an independent examination of the record
and essentially to rebrief the case for appellant to see if there is any
arguable ground that may be raised on appellant=s behalf.[3]  Because appellant entered an open plea of
guilty, our independent review for potential error is limited to potential
jurisdictional defects, the voluntariness of appellant=s plea, error that is not independent of and supports the judgment of
guilt, and error occurring after entry of the guilty plea.[4]








Our independent review of the
record reveals that counsel has correctly determined that there are no arguable
grounds for relief.  There are no
jurisdictional defects.  The indictments
conferred jurisdiction on the trial court and provided appellant with
sufficient notice to prepare a defense.[5]  

There are no errors that are
not independent of the judgment of guilt or that occurred after entry of the
pleas.  The record reflects that
appellant knowingly and voluntarily entered his pleas.  He signed written plea admonishments that
complied with article 26.13 of the code of criminal procedure.[6]  Appellant also signed a judicial confession
for each offense.  The trial court
accepted appellant=s pleas and
held a separate hearing on punishment. 
Appellate counsel identifies as a potential issue the excessiveness of
appellant=s
sentence.  But counsel concedes that the
punishment assessedCsix years
for each offenseCis well
within the statutory range.[7]   Generally, punishment assessed within the
statutory limits is not excessive.[8]








Because there is no arguable
ground that may be raised on appellant=s behalf in these appeals, we grant counsel=s motion to withdraw and affirm the trial court=s judgments.    

PER CURIAM

PANEL F: CAYCE, C.J.; DAUPHINOT and HOLMAN, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  February 15, 2007

 











[1]See Tex. R. App. P. 47.4.





[2]386
U.S. 738, 87 S. Ct. 1396 (1967).





[3]See
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).





[4]Monreal
v. State, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); Young
v. State, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); Flowers v. State,
935 S.W.2d 131, 132-33 (Tex. Crim. App. 1996), disapproved on other grounds
by Cooper v. State, 45 S.W.3d 77 (Tex. Crim. App. 2001)); Jack v. State,
871 S.W.2d 741, 743-44 (Tex. Crim. App. 1994).





[5]See Tex. Const. art. V, '
12(b); Tex. Code Crim. Proc. Ann. art.
4.05 (Vernon 2005); Duron v.
State, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997). 





[6]Tex. Code Crim. Proc. Ann. art.
26.13(a), (d) (Vernon Supp. 2006).





[7]See Tex. Penal Code Ann. ''
12.33B.34
(Vernon 2003), id. ' 12.42(a) (Vernon Supp.
2006).





[8]Jordan
v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); Dale
v. State, 170 S.W.3d 797, 799 (Tex. App.CFort Worth 2005, no pet.).