COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-181-CR

HILARIO CARDENAS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Hilario Cardenas appeals his sentence for conspiracy to commit capital murder.  He entered an open plea of guilty to the charge, and the trial court assessed his punishment at fifty years’ confinement.  We affirm.

I.  PROCEDURAL BACKGROUND

On May 1, 2006, Appellant signed written plea admonishments and a judicial confession, acknowledging that he was entering an open plea of guilty to the offense of conspiracy to commit capital murder, a first-degree felony. The plea included assessment of punishment by the court after preparation of a long presentence investigation report (PSI).  Appellant also signed an application for community supervision.  The trial court accepted Appellant’s plea and deferred sentencing for three and a half weeks until a PSI could be prepared.

On May 26, 2006, the trial court reviewed the PSI and offered the parties an opportunity to present additional evidence regarding punishment.  Appellant’s counsel cross-examined the presentence investigation officer who prepared the PSI, and Appellant’s wife and sister-in-law testified regarding his background, family support, and character.  At the conclusion of the hearing, the trial court found Appellant guilty based upon the guilty plea he had previously entered and assessed his punishment at fifty years’ confinement.  

II.  DISCUSSION

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In his motion and brief, counsel avers that, in his professional opinion, this appeal is wholly frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal.  
See Mays v. State
, 904 S.W.2d 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.).  We provided Appellant with the opportunity to file a pro se brief, and he has done so, challenging in four points his fifty-year sentence.  The State has not filed an appellate brief.

A. Appellant’s Pro Se Points on Appeal

1. 
Ineffective Assistance of Counsel

Appellant asserts in his first two points that his trial attorneys provided ineffective assistance of counsel by failing to object to the PSI and failing to request a continuance to allow additional time to prepare a “complete and detail[ed]” PSI.  But Appellant’s counsel did specifically object to the PSI, complaining that the presentence investigation officer did not have enough time to prepare an adequate report, did not talk to Appellant’s family or include any details of family support in the report, and did not investigate the facts of the crime or review the record of the trials of Appellant’s co-conspirators.  Appellant’s counsel further requested the PSI to be supplemented and the deficiencies that he identified to be corrected.

The trial court judge responded that he was “aware” of the content of the presentence investigation officer’s testimony; reminded Appellant’s counsel that both sides were given “an opportunity to comment on, correct, [or] supplement with other witnesses any possible shortcomings in the report”; and told Appellant’s counsel that he could call witnesses “to fill any gaps or shortcomings that you see” in the PSI.  Appellant’s counsel used this opportunity to cross-examine the presentence investigation officer regarding the deficiencies in his report and to present testimony from Appellant’s family members that was not included in the report.  
Further, the judge was already familiar with the testimony from the two other trials of Appellant’s co-conspirators, Chelsea Richardson and Andrew Wamsley, having presided over both of their trials.
  Because Appellant’s counsel did not fail to object to the inaccuracies contained in the PSI, and even further addressed the PSI’s deficiencies through witness testimony, we hold that counsel’s performance was not deficient.  
See
 
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Salinas v. State
, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); 
Mallett v. State
, 65 S.W.3d 59, 62-63 (Tex. Crim. App. 2001); 
Thompson
 
v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); 
Hernandez v. State
, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).  We 
overrule Appellant’s first point.  

Appellant’s second point challenges his counsel’s failure to request a continuance so that a more complete, detailed PSI could be prepared.  We presume that defense counsel provided reasonable professional assistance and that his actions might be considered sound trial strategy.  
Jackson v. State
, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).  To rebut this presumption, Appellant must point to evidence in the record from which we can determine that trial counsel’s performance was not reasonable under the circumstances and prevailing professional norms or based on sound trial strategy.  
See Strickland
, 466 U.S. at 689, 104 S. Ct. at 2065.  Trial counsel’s strategy, instead of requesting a continuance, was to point out the PSI’s deficiencies through cross-examination and “fill in the gaps” of the report, as the trial court instructed, by presenting testimony of Appellant’s family.  Nothing in the record suggests that this was unreasonable or unsound strategy, given that the trial court’s response to Appellant’s objection was that he was giving Appellant “an opportunity to comment on, correct, [or] supplement with other witnesses any possible shortcomings in the report
” and that the trial court had already heard the prior testimony given in the trials of two of Appellant’s co-conspirators.  We overrule Appellant’s second point.

Appellant argues in his third point that he received ineffective assistance because a conflict of interest arose when his counsel joined with the State in a “team effort” to coerce a confession from Appellant.  To establish proof of this conflict of interest, he relies on the following statement by the State’s attorney during closing argument:

He repeatedly, at the first of this investigation, lied to the police.  And, in fact, lied to Ms. - - to Kee and Mr. Hall [Appellant’s trial counsel] about some things, even after he was cooperating with us.  And his lies initially prevented us from recovering the actual murder weapon.  And he continued to lie until actually 
when Mr. Hall and I sort of teamed up on him and caught him in those lies 
and went to a location on Las Vegas Trail, found where the gun had been, but the gun had long since gone.  [Emphasis added.]  

However, Appellant’s counsel told the court during closing not that Appellant lied about the gun, but that Appellant “didn’t have any idea where the gun was” until they “got information from another person not too long ago, and that’s when we tried to go and locate the gun.”  
Counsel explained that Appellant did not have an attorney when he was arrested and that he initially “had given several different statements just trying to get [the police] to leave him alone.”  And in asking the trial court for leniency
, Counsel argued that Appellant’s cooperation was important in helping the State secure convictions against the co-conspirators.

No complaint was made to the trial court regarding a conflict of interest, so we assume that Appellant’s argument is that the trial court should have recognized the conflict on its own.  If an appellant and his attorney fail to bring the potential conflict to the attention of the trial court and the appealing defendant relies on the argument that the trial court should have been aware of the conflict, the defendant cannot obtain a reversal on appeal unless he shows that his attorney was operating under an actual conflict of interest that adversely affected counsel’s performance.  
Routier v. State
, 112 S.W.3d 554, 
581-82 (Tex. Crim. App. 2003), cert. denied, 541 U.S. 1040 (2004) (citing 
Cuyler v. Sullivan
, 446 U.S. 335, 348, 100 S. Ct. 1708, 1718 (1980)).  An actual conflict of interest exists when counsel is required to make a choice between advancing his client’s interest in a fair trial or advancing other interests (perhaps his own) to the detriment of his client’s interest.  
Id.
  The record contains no evidence that Appellant’s trial counsel was advancing the State’s interests to the detriment of Appellant.  We overrule Appellant’s third point.

2. 
Severity of Sentence

In his fourth and final point, Appellant contends that the fifty-year sentence imposed by the trial court is too severe.  Appellant asserts that “the trial court uses a Sentencing Guideline when determining PSI sentencing” and relies on federal case law to argue that he deserves a “downward departure” in his sentence.  Appellant is mistaken.  The federal sentencing guidelines apply to convictions in federal courts, not state courts.  
See
 28 U.S.C.A. § 994(a)(1) (West 2006) (providing that the United States Sentencing Commission shall promulgate and distribute sentencing guidelines to all courts of the United States and to the United States Probation System); 
Harper v. State
, 930 S.W.2d 625,
 632 (Tex. App.—Houston [1st Dist.] 1996, no pet.)
 (stating that the federal sentencing guidelines have no application to a state criminal case).   Appellant pleaded guilty and was convicted of conspiracy to commit capital murder, a first-degree felony.  
See
 
Tex. Penal Code Ann.
 § 15.02 (Vernon 2003).  The punishment range for this crime
, of which Appellant was admonished, 
is five to ninety-nine years or life and up to a $10,000 fine
. 
 
Id.
 § 12.32.  Appellant received a sentence of fifty years’ imprisonment and no fine.  Generally, punishment assessed within the statutory limits is not excessive.  
Jordan v. State
, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); 
Dale v. State
, 
170 S.W.3d 797, 799 (Tex. App.—Fort Worth 2005, no pet.).  Appellant’s role in the conspiracy was to supply the gun that was used to commit two murders.  Appellant claims that he did not believe that the person he allowed to use his weapon would commit “such a harsh act,” but prior testimony revealed that he was aware of his co-conspirators’ intentions because they had told him of their prior attempt to shoot the victims and plans to cut the brake lines of the victims’ vehicle.  Appellant received a sentence that is in the middle of the statutory range; further, given the nature of the crime and the fact that one of his co-conspirators received the death penalty and another received a life sentence for the murders, we conclude that Appellant’s sentence is not grossly disproportionate to the offense.  
See Dale
, 
170 S.W.3d at 800.  We overrule Appellant’s fourth point.

B. Our Independent Review of the Record

In our duties as a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); 
Mays
, 904 S.W.2d at 923.  Only then may we grant counsel’s motion to withdraw.  
See Penson v. Ohio
, 488 U.S. 75, 83-84, 109 S. Ct. 346, 351 (1988).

Appellant entered an open plea of guilty, so he waived the right to appeal any nonjurisdictional defects, other than the voluntariness of his plea, that occurred before entry of the plea so long as the judgment of guilt was rendered independent of, and is not supported by, the alleged error.  
See Young v. State
, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); 
Lewis v. State
, 911 S.W.2d 1, 4-5 (Tex. Crim. App. 1995).  Therefore, our independent review of the record is limited to potential jurisdictional defects, the voluntariness of Appellant’s plea, potential error occurring before Appellant’s plea that resulted in or supports the judgment of guilt, and potential error occurring after the guilty plea.  
See Young
, 8 S.W.3d at 666-67.

Our independent review of the record reveals that counsel has correctly determined that there are no arguable grounds for relief.  There are no jurisdictional defects.  The indictments conferred jurisdiction on the trial court and provided Appellant with sufficient notice to prepare a defense.  
See
 
Tex. Const. 
art. V, § 12(b); 
Tex. Code Crim. Proc. Ann. 
art. 4.05 (Vernon
 2005); 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).  There are no errors that are not independent of the judgment of guilt or that occurred after entry of the plea.  The record reflects that Appellant knowingly and voluntarily entered his plea.  He signed written plea admonishments that complied with article 26.13 of the code of criminal procedure.  
Tex. Code Crim. Proc. Ann.
 art. 26.13 (Vernon Supp. 2006)
.  Appellant also signed a judicial confession admitting to the allegations in the indictment and admitting guilt as to the charged offense.  The trial court accepted Appellant’s plea and imposed a sentence within the statutory range of punishment.  
See
 
Tex. Penal Code Ann.
 § 12.32.

III.  CONCLUSION

Having overruled Appellant’s pro se points on appeal, and having agreed with appellate counsel that there are no arguable grounds that may be raised on Appellant’s behalf in this appeal, we grant counsel’s motion to withdraw and affirm the trial court’s judgment. 

PER CURIAM

PANEL F: MCCOY, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: June 7, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.