COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-06-181-CR

 

 

HILARIO CARDENAS                                                            APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 297TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Hilario Cardenas appeals his sentence for
conspiracy to commit capital murder.  He
entered an open plea of guilty to the charge, and the trial court assessed his
punishment at fifty years= confinement.  We affirm.

 

 








I.  PROCEDURAL
BACKGROUND

On May 1, 2006, Appellant signed written plea admonishments
and a judicial confession, acknowledging that he was entering an open plea of
guilty to the offense of conspiracy to commit capital murder, a first-degree
felony. The plea included assessment of punishment by the court after
preparation of a long presentence investigation report (PSI).  Appellant also signed an application for
community supervision.  The trial court
accepted Appellant=s plea and deferred sentencing for three
and a half weeks until a PSI could be prepared.

On May 26, 2006, the trial court reviewed the PSI and
offered the parties an opportunity to present additional evidence regarding
punishment.  Appellant=s counsel
cross-examined the presentence investigation officer who prepared the PSI, and
Appellant=s wife and sister-in-law testified
regarding his background, family support, and character.  At the conclusion of the hearing, the trial
court found Appellant guilty based upon the guilty plea he had previously
entered and assessed his punishment at fifty years= confinement.  

II.  DISCUSSION








Appellant=s court-appointed
appellate counsel has filed a motion to withdraw as counsel and a brief in
support of that motion.  In his motion
and brief, counsel avers that, in his professional opinion, this appeal is
wholly frivolous.  Counsel=s brief and motion
meet the requirements of Anders v. California, 386 U.S. 738, 87 S. Ct.
1396 (1967), by presenting a professional evaluation of the record
demonstrating why there are no reversible grounds on appeal and referencing any
grounds that might arguably support the appeal. 
See Mays v. State, 904 S.W.2d 920, 922-23 (Tex. App.CFort Worth 1995,
no pet.).  We provided Appellant with the
opportunity to file a pro se brief, and he has done so, challenging in four
points his fifty-year sentence.  The
State has not filed an appellate brief.

A.      Appellant=s Pro Se Points on
Appeal

1.       Ineffective Assistance of Counsel

Appellant asserts in his first two points that his trial
attorneys provided ineffective assistance of counsel by failing to object to
the PSI and failing to request a continuance to allow additional time to
prepare a Acomplete and detail[ed]@ PSI.  But Appellant=s counsel did
specifically object to the PSI, complaining that the presentence investigation
officer did not have enough time to prepare an adequate report, did not talk to
Appellant=s family or include any details of family
support in the report, and did not investigate the facts of the crime or review
the record of the trials of Appellant=s
co-conspirators.  Appellant=s counsel further
requested the PSI to be supplemented and the deficiencies that he identified to
be corrected.








The trial court judge responded that he was Aaware@ of the content of
the presentence investigation officer=s testimony;
reminded Appellant=s counsel that both sides were given Aan opportunity to
comment on, correct, [or] supplement with other witnesses any possible
shortcomings in the report@; and told
Appellant=s counsel that he could call witnesses Ato fill any gaps
or shortcomings that you see@ in the PSI.  Appellant=s counsel used
this opportunity to cross-examine the presentence investigation officer
regarding the deficiencies in his report and to present testimony from
Appellant=s family members that was not included in
the report.  Further, the judge was
already familiar with the testimony from the two other trials of Appellant=s co-conspirators,
Chelsea Richardson and Andrew Wamsley, having presided over both of their
trials.  Because Appellant=s counsel did not
fail to object to the inaccuracies contained in the PSI, and even further
addressed the PSI=s deficiencies through witness testimony,
we hold that counsel=s performance was not deficient.  See Strickland
v. Washington, 466 U.S. 668, 687, 104 S.
Ct. 2052, 2064 (1984); Salinas v. State, 163 S.W.3d 734, 740 (Tex. Crim.
App. 2005); Mallett v. State, 65 S.W.3d 59, 62-63 (Tex. Crim. App.
2001); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App.
1999); Hernandez v. State, 988 S.W.2d 770, 770 (Tex. Crim. App.
1999).  We overrule Appellant=s first
point.  








Appellant=s second point
challenges his counsel=s failure to request a continuance so that
a more complete, detailed PSI could be prepared.  We presume that defense counsel provided
reasonable professional assistance and that his actions might be considered
sound trial strategy.  Jackson v.
State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).  To rebut this presumption, Appellant must
point to evidence in the record from which we can determine that trial counsel=s performance was
not reasonable under the circumstances and prevailing professional norms or
based on sound trial strategy.  See
Strickland, 466 U.S. at 689, 104 S. Ct. at 2065.  Trial counsel=s strategy,
instead of requesting a continuance, was to point out the PSI=s deficiencies
through cross-examination and Afill in the gaps@ of the report, as
the trial court instructed, by presenting testimony of Appellant=s family.  Nothing in the record suggests that this was
unreasonable or unsound strategy, given that the trial court=s response to
Appellant=s objection was that he was giving
Appellant Aan opportunity to comment on, correct,
[or] supplement with other witnesses any possible shortcomings in the report@ and that the
trial court had already heard the prior testimony given in the trials of two of
Appellant=s co-conspirators.  We overrule Appellant=s second point.








Appellant argues in his third point that he received
ineffective assistance because a conflict of interest arose when his counsel
joined with the State in a Ateam effort@ to coerce a
confession from Appellant.  To establish
proof of this conflict of interest, he relies on the following statement by the
State=s attorney during
closing argument:

He repeatedly, at the first of this
investigation, lied to the police.  And,
in fact, lied to Ms. - - to Kee and Mr. Hall [Appellant=s trial counsel]
about some things, even after he was cooperating with us.  And his lies initially prevented us from
recovering the actual murder weapon.  And
he continued to lie until actually when Mr. Hall and I sort of teamed up on
him and caught him in those lies and went to a location on Las Vegas Trail,
found where the gun had been, but the gun had long since gone.  [Emphasis added.]  

However,
Appellant=s counsel told the court during closing
not that Appellant lied about the gun, but that Appellant Adidn=t have any idea where
the gun was@ until they Agot information
from another person not too long ago, and that=s when we tried to
go and locate the gun.@ 
Counsel explained that Appellant did not have an attorney when he was
arrested and that he initially Ahad given several
different statements just trying to get [the police] to leave him alone.@  And in asking the trial court for leniency,
Counsel argued that Appellant=s cooperation was
important in helping the State secure convictions against the co-conspirators.








No complaint was made to the trial court regarding a
conflict of interest, so we assume that Appellant=s argument is that
the trial court should have recognized the conflict on its own.  If an appellant and his attorney fail to
bring the potential conflict to the attention of the trial court and the
appealing defendant relies on the argument that the trial court should have
been aware of the conflict, the defendant cannot obtain a reversal on appeal unless
he shows that his attorney was operating under an actual conflict of interest
that adversely affected counsel=s
performance.  Routier v. State,
112 S.W.3d 554, 581-82 (Tex. Crim. App. 2003), cert. denied, 541 U.S. 1040
(2004) (citing Cuyler v. Sullivan, 446 U.S. 335, 348, 100 S. Ct. 1708,
1718 (1980)).  An actual conflict of
interest exists when counsel is required to make a choice between advancing his
client=s interest in a
fair trial or advancing other interests (perhaps his own) to the detriment of
his client=s interest.  Id. 
The record contains no evidence that Appellant=s trial counsel
was advancing the State=s interests to the detriment of
Appellant.  We overrule Appellant=s third point.

2.       Severity of Sentence













In his fourth and final point, Appellant contends that the
fifty-year sentence imposed by the trial court is too severe.  Appellant asserts that Athe trial court
uses a Sentencing Guideline when determining PSI sentencing@ and relies on
federal case law to argue that he deserves a Adownward departure@ in his
sentence.  Appellant is mistaken.  The federal sentencing guidelines apply to
convictions in federal courts, not state courts.  See 28 U.S.C.A. ' 994(a)(1) (West
2006) (providing that the United States Sentencing Commission shall promulgate
and distribute sentencing guidelines to all courts of the United States and to
the United States Probation System); Harper v. State, 930 S.W.2d 625,
632 (Tex. App.CHouston [1st Dist.] 1996, no pet.)
(stating that the federal sentencing guidelines have no application to a state
criminal case).          Appellant pleaded guilty and was convicted of conspiracy to
commit capital murder, a first-degree felony. 
See Tex. Penal Code Ann.
' 15.02 (Vernon
2003).  The punishment range for this
crime, of which Appellant was admonished, is five to ninety-nine years or life
and up to a $10,000 fine.  Id. ' 12.32.  Appellant received a sentence of fifty years= imprisonment and
no fine.  Generally, punishment assessed
within the statutory limits is not excessive. 
Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); Dale
v. State, 170 S.W.3d 797, 799 (Tex. App.CFort Worth 2005,
no pet.).  Appellant=s role in the
conspiracy was to supply the gun that was used to commit two murders.  Appellant claims that he did not believe that
the person he allowed to use his weapon would commit Asuch a harsh act,@ but prior
testimony revealed that he was aware of his co-conspirators= intentions because
they had told him of their prior attempt to shoot the victims and plans to cut
the brake lines of the victims= vehicle.  Appellant received a sentence that is in the
middle of the statutory range; further, given the nature of the crime and the
fact that one of his co-conspirators received the death penalty and another
received a life sentence for the murders, we conclude that Appellant=s sentence is not
grossly disproportionate to the offense. 
See Dale, 170 S.W.3d at 800. 
We overrule Appellant=s fourth point.

B.      Our Independent Review of the Record

In our duties as a reviewing court, we must conduct an
independent evaluation of the record to determine whether counsel is correct in
determining that the appeal is frivolous. 
See Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App.
1991); Mays, 904 S.W.2d at 923. 
Only then may we grant counsel=s motion to
withdraw.  See Penson v. Ohio, 488
U.S. 75, 83-84, 109 S. Ct. 346, 351 (1988).

Appellant entered an open plea of guilty, so he waived the
right to appeal any nonjurisdictional defects, other than the voluntariness of
his plea, that occurred before entry of the plea so long as the judgment of
guilt was rendered independent of, and is not supported by, the alleged
error.  See Young v. State, 8
S.W.3d 656, 666-67 (Tex. Crim. App. 2000); Lewis v. State, 911 S.W.2d 1,
4-5 (Tex. Crim. App. 1995).  Therefore,
our independent review of the record is limited to potential jurisdictional
defects, the voluntariness of Appellant=s plea, potential
error occurring before Appellant=s plea that
resulted in or supports the judgment of guilt, and potential error occurring
after the guilty plea.  See Young,
8 S.W.3d at 666-67.








Our independent review of the
record reveals that counsel has correctly determined that there are no arguable
grounds for relief.  There are no
jurisdictional defects.  The indictments
conferred jurisdiction on the trial court and provided Appellant with
sufficient notice to prepare a defense.  See
Tex. Const. art. V, ' 12(b); Tex. Code Crim. Proc.
Ann. art. 4.05 (Vernon 2005); Duron
v. State, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).  There are no errors that are not independent
of the judgment of guilt or that occurred after entry of the plea.  The record reflects that Appellant knowingly
and voluntarily entered his plea.  He
signed written plea admonishments that complied with article 26.13 of the code
of criminal procedure.  Tex. Code Crim. Proc. Ann. art. 26.13 (Vernon Supp. 2006).  Appellant also signed a
judicial confession admitting to the allegations in the indictment and admitting
guilt as to the charged offense.  The
trial court accepted Appellant=s plea and imposed a sentence within the statutory range of
punishment.  See Tex. Penal Code Ann. ' 12.32.

 

 

 

 

 








III.  CONCLUSION

Having overruled Appellant=s pro se points on appeal, and having agreed with appellate counsel
that there are no arguable grounds that may be raised on Appellant=s behalf in this appeal, we grant counsel=s motion to withdraw and affirm the trial court=s judgment.       

PER CURIAM

 

PANEL F:    MCCOY,
J.; CAYCE, C.J.; and LIVINGSTON, J.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: June 7, 2007

 











[1]See Tex. R. App. P. 47.4.