COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-263-CR

 

 

CHRISTIAN JOHNSON                                                          APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM
THE 367TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Christian Johnson appeals the
trial court=s judgment
adjudicating his guilt for aggravated robbery and sentencing him to ten years= confinement.  We affirm.








Appellant=s court-appointed appellate counsel has filed a motion to withdraw as
counsel and a brief in support of that motion. 
In the brief, counsel avers that, in his professional opinion, this
appeal is frivolous.  Counsel=s brief and motion meet the requirements of Anders v. California[2]
by presenting a professional evaluation of the record demonstrating why there
are no arguable grounds for relief. 
Appellant has also filed a pro se brief, in which he complains that (1)
his trial counsel was ineffective for not cross-examining Betty Hughes, a State=s witness, or objecting to her testimony[3]
and (2) after adjudicating appellant=s guilt, the trial court should have placed him on community
supervision rather than giving him prison time. 








Once an appellant=s court-appointed counsel files a motion to withdraw on the ground
that the appeal is frivolous and fulfills the requirements of Anders,
this court is obligated to undertake an independent examination of the record
and essentially to rebrief the case for appellant to see if there is any
arguable ground that may be raised on appellant=s behalf.[4]  Because this is an appeal from the trial
court=s adjudication of appellant=s deferred adjudication community supervision, our independent review
for potential error is limited to errors not affecting the decision to
adjudicate and post-adjudication matters unrelated to appellant=s conviction.[5]  The trial court=s decision to adjudicate appellant=s guilt is not appealable.[6]

Our independent review of the
record reveals that counsel has correctly determined that there are no arguable
grounds for relief.  The record does not
reveal any pre-adjudication errors unrelated to the decision to adjudicate or
any post-adjudication errors unrelated to appellant=s conviction.  Regarding
appellant=s complaint
that his trial counsel was ineffective, the appellate record is undeveloped and
does not reflect the motives behind counsel=s decision not to cross-examine Hughes or object to her testimony.[7]  Thus, we are not in a position to fairly
evaluate the merits of appellant=s claim.[8]








Further, concerning appellant=s complaint regarding his punishment, the trial court=s decision to sentence appellant to a period of confinement rather
than granting him community supervision was within the court=s discretion.[9]  Moreover, the ten-year sentence imposed by
the trial court is at the lower end of the punishment range for the adjudicated
offense.[10]  Therefore, we hold that the trial court did
not err by imposing this sentence.[11]

Having carefully reviewed the
record, we overrule appellant=s complaints on appeal, grant appellate counsel=s motion to withdraw, and affirm the trial court=s judgment. 

PER CURIAM

PANEL F: 
CAYCE, C.J.; DAUPHINOT and HOLMAN, JJ.

DO NOT PUBLISH        

Tex. R. App. P. 47.2(b)

DELIVERED:  
August 31, 2007     

 











[1]See Tex. R. App. P. 47.4.





[2]386
U.S. 738, 87 S. Ct. 1396 (1967).





[3]Although
appellant mistakenly states that this testimony was admitted at the
guilt-innocence phase of the adjudication proceeding, it was admitted at
punishment. 





[4]See
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).





[5]See
Davis v. State, 195 S.W.3d 708, 710-12 (Tex. Crim. App. 2006); Hargesheimer
v. State, 182 S.W.3d 906, 912 (Tex. Crim. App. 2006); id. at 914
(Johnson, J., concurring).





[6]Hargesheimer, 182
S.W.3d at 912.  Effective June 15, 2007,
the legislature amended article 42.12, section 5(b) of the code of criminal
procedure (1) to omit the provision that no appeal may be taken from a trial
court=s
determination adjudicating guilt and (2) to provide that a trial court=s
revocation of deferred adjudication community supervision is reviewable in the
same manner as a revocation hearing in which an adjudication of guilt had not
been deferred.  See Act of May 28,
2007, 80th Leg., R.S., S.B. 909, ' 5 (to be codified at Tex. Code Crim. Proc. Ann. art. 42.12, ' 5(b)).  Appellant=s guilt was adjudicated in
July 2006, however, so this amendment does not apply to this case.





[7]See
Salinas v. State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005).





[8]See Thompson
v. State, 9 S.W.3d 808, 813-14 & n.6 (Tex. Crim. App. 1999) (stating
that ineffective assistance claims are usually best addressed by a
post-conviction writ of habeas corpus).





[9]See Tex. Code Crim. Proc. Ann. art. 42.12, ' 5(b)
(Vernon 2006).





[10]See Tex. Penal Code Ann. '' 12.32(a),
29.03(b) (Vernon 2003) (providing that the punishment range for aggravated
robbery is 5-99 years).





[11]Jordan
v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); Dale
v. State, 170 S.W.3d 797, 799 (Tex. App.CFort Worth 2005, no pet.)
(both holding that punishment assessed within statutory limits generally is not
excessive).