COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-263-CR

CHRISTIAN JOHNSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Christian Johnson appeals the trial court’s judgment adjudicating his guilt for aggravated robbery and sentencing him to ten years’ confinement.  We affirm.

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
(footnote: 2) by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  Appellant has also filed a pro se brief, in which he complains that (1) his trial counsel was ineffective for not cross-examining Betty Hughes, a State’s witness, or objecting to her testimony
(footnote: 3) and (2) after adjudicating appellant’s guilt, the trial court should have placed him on community supervision rather than giving him prison time. 

Once an appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, this court is obligated to undertake an independent examination of the record and essentially to rebrief the case for appellant to see if there is any arguable ground that may be raised on appellant’s behalf.
(footnote: 4)  Because this is an appeal from the trial court’s adjudication of appellant’s deferred adjudication community supervision, our independent review for potential error is limited to errors not affecting the decision to adjudicate and post-adjudication matters unrelated to appellant’s conviction.
(footnote: 5) 
 The trial court’s decision to adjudicate appellant’s guilt is not appealable.
(footnote: 6)
 Our independent review of the record reveals that counsel has correctly determined that there are no arguable grounds for relief.  The record does not reveal any pre-adjudication errors unrelated to the decision to adjudicate or any post-adjudication errors unrelated to appellant’s conviction.  Regarding appellant’s complaint that his trial counsel was ineffective, 
the appellate record is undeveloped and does not reflect the motives behind counsel’s decision not to cross-examine Hughes or object to her testimony.
(footnote: 7)  Thus, we are not in a position to fairly evaluate the merits of appellant’s claim.
(footnote: 8)

Further, concerning appellant’s complaint regarding his punishment, the trial court’s decision to sentence appellant to a period of confinement rather than granting him community supervision was within the court’s discretion.
(footnote: 9)  Moreover, t
he ten-year sentence imposed by the trial court is at the lower end of the punishment range for the adjudicated offense.
(footnote: 10)  
Therefore, we hold that the trial court did not err by imposing this sentence
.
(footnote: 11)
 Having carefully reviewed the record, we overrule appellant’s complaints on appeal, grant appellate counsel’s motion to withdraw, and affirm the trial court’s judgment. 

PER CURIAM

PANEL F:  CAYCE, C.J.; DAUPHINOT and HOLMAN, JJ.

DO NOT PUBLISH 

Tex. R. App. P.
 47.2(b)

DELIVERED:   August 31, 2007 
 

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
386 U.S. 738, 87 S. Ct. 1396 (1967).

3:
Although appellant mistakenly states that this testimony was admitted at the guilt-innocence phase of the adjudication proceeding, it was admitted at punishment. 

4:
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

5:
See Davis v. State,
 195 S.W.3d 708, 710-12 (Tex. Crim. App. 2006); 
Hargesheimer v. State,
 182 S.W.3d 906, 912 (Tex. Crim. App. 2006); 
id.
 at 914 (Johnson, J., concurring).

6:
Hargesheimer,
 182 S.W.3d at 912.  Effective June 15, 2007, the legislature amended article 42.12, section 5(b) of the code of criminal procedure 
(1) to omit the provision that no appeal may be taken from a trial court’s determination adjudicating guilt and (2) to provide that a trial court’s revocation of deferred adjudication community supervision is reviewable in the same manner as a revocation hearing in which an adjudication of guilt had not been deferred.  
See
 Act of May 28, 2007, 80th Leg., R.S., S.B. 909, § 5 (to be codified at 
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5(b)).
  Appellant’s guilt was adjudicated in July 2006, however, so this amendment does not apply to this case.

7:
See Salinas v. State
, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005).

8:
See
 
Thompson
 
v. State
, 9 S.W.3d 808, 813-14 & n.6 (Tex. Crim. App. 1999) (stating that ineffective assistance claims are usually best addressed by a post-conviction writ of habeas corpus).

9:
See
 
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5(b) (Vernon 2006).

10:
See
 Tex. Penal Code Ann.
 §§ 12.32(a), 29.03(b) (Vernon 2003) (providing that the punishment range for aggravated robbery is 5-99 years).

11:
Jordan v. State,
 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); 
Dale v. State,
 170 S.W.3d 797, 799 (Tex. App.—Fort Worth 2005, no pet.) (both holding that punishment assessed within statutory limits generally is not excessive).