

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

---

**NO. 2-07-085-CR**

---

EUGENIO RIVERA                                                                 APPELLANT

V.

THE STATE OF TEXAS                                                                 STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

A jury convicted Appellant Eugenio Rivera of aggravated sexual assault of a child under the age of fourteen and indecency with a child under the age of seventeen. The jury assessed Appellant's punishment at confinement for life for the aggravated sexual assault conviction and at twenty years' confinement for the indecency with a child conviction. The trial court sentenced him accordingly, ordering that the sentences be served consecutively.

---

[1] *See* Tex. R. App. P. 47.4.

In five issues, Appellant complains that the State was allowed to improperly commit the venire panel, that the trial court erred by admitting hearsay, that the trial court committed fundamental error by not sua sponte declaring a mistrial, and that the trial court abused its discretion by sua sponte ordering the sentences to be served consecutively. Because we hold that the trial court did not err, we affirm the trial court's judgment.

In his first issue, Appellant contends that the trial court erred by allowing the State to improperly commit the jurors. The State asked the jurors whether they could convict based solely on the testimony of a child if the child's testimony established the offense and if they believed the child beyond a reasonable doubt or whether they would demand additional evidence. The Texas Court of Criminal Appeals has already held that this line of questioning is proper because it could lead to answers giving rise to a valid challenge for cause.[2] We overrule Appellant's first issue.

In his second issue, Appellant contends that the trial court abused its discretion by admitting outcry evidence over his hearsay and confrontation objections. He also argues for the first time on appeal that article 38.072 of the code of criminal procedure should be declared unconstitutional under

_____

[2] *Lee v. State*, 206 S.W.3d 620, 623–24 (Tex. Crim. App. 2006).

*Crawford v. Washington.*[3]  The child complainant testified and Appellant's counsel cross-examined her.  Appellant therefore exercised his right of confrontation.  Additionally, because the complainant's testimony mirrored the outcry witness's testimony, the admission of the outcry witness's testimony, even if erroneous, does not require reversal.[4]  Further, to the extent that Appellant is complaining that the statute is unconstitutional as applied to him, he has failed to preserve his complaint in the trial court.[5]  Finally, to the extent that he raises a facial challenge, the Texas Court of Criminal Appeals has explained,

> A facial challenge to a statute is the most difficult challenge to mount successfully because the challenger must establish that no set of circumstances exists under which the statute will be valid.  Since a statute may be valid as applied to one set of facts and invalid as applied to another, it is incumbent upon the (appellant) to show that in its operation the statute is unconstitutional as to him in his situation; that it may be unconstitutional as to others is not sufficient.

> This rule conforms with the criterion for standing to challenge the facial constitutionality of a statute as enunciated by the Supreme Court of the United States:

---

[3] 541 U.S. 36, 124 S. Ct. 1354 (2004).

[4] *See Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998).

[5] *See* Tex. R. App. P. 33.1(a)(1); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied,* 526 U.S. 1070 (1999).

3

A party has standing to challenge the constitutionality of a statute only insofar as it has an adverse impact on his own rights. As a general rule, if there is no constitutional defect in the application of the statute to a litigant, he does not have standing to argue that it would be unconstitutional if applied to third parties in hypothetical situations.[6]

Appellant is therefore required to demonstrate that article 38.072 was unconstitutionally applied to him. Because the child complainant testified and was subject to cross-examination, Appellant cannot meet this requirement. We overrule Appellant's second issue.

In his third issue, Appellant contends that the trial court abused its discretion by admitting testimony of the Cook Children's examining physician that the complainant had told her that Appellant had touched her. He also contends that his confrontation rights were violated and, for the first time, that the admission of the evidence violated his due process rights. After the trial court overruled Appellant's objection that the evidence was hearsay and violated the Confrontation Clause, the doctor again testified that the complainant had told her that Appellant touched her, that the complainant had indicated by pointing at drawings that Appellant had touched her genital area

_____

[6] *Santikos v. State*, 836 S.W.2d 631, 633–34 (Tex. Crim. App.) (op. on reh'g), *cert. denied*, 506 U.S. 999 (1992) (citations and quotations marks omitted).

4

with his hand inside her panties and that he had put his hand in her panties from the top, and that it had happened at her aunt's house. Appellant did not object again. As noted above, the child complainant testified without objection to the same facts. We therefore overrule Appellant's third issue.[7]

In his fourth issue, Appellant contends that the trial court committed fundamental error by not sua sponte declaring a mistrial after excluding a pen packet from evidence because the State had already read the enhancement paragraph in open court. Appellant argues that the enhancement allegation, which is of a felony offense of aggravated criminal sexual abuse/bodily harm out of Illinois, affected the jury's assessment of punishment. After excluding the evidence, the trial court orally instructed the jury, at Appellant's request, not to "consider the repeat offender notice that was read . . . for any purpose." We generally presume the jury follows the trial court's instructions.[8] Appellant did nothing to preserve his complaint below[9] and has not convinced us that the

---

[7] *See* Tex. R. App. P. 33.1(a)(1); *Mendez*, 138 S.W.3d at 341; *Leday*, 983 S.W.2d at 718; *Mosley*, 983 S.W.2d at 265.

[8] *Colburn v. State*, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998).

[9] *See* Tex. R. App. P. 33.1(a)(1); *Mendez*, 138 S.W.3d at 341; *Mosley*, 983 S.W.2d at 265.

trial court committed any error concerning this issue, much less fundamental error.[10] We overrule Appellant's fourth issue.

In his fifth issue, Appellant contends that the trial court abused its discretion by ordering that the sentences run consecutively. As Appellant concedes, article 42.08 of the code of criminal procedure allows stacking.[11] Further, we note that section 3.03(b) of the penal code specifically provides for stacking when a defendant is convicted of certain offenses, including those for which Appellant was convicted, arising out of a criminal episode and prosecuted in a single action.[12]

Appellant also argues that the stacking order amounts to cruel and unusual punishment and a denial of due process. Appellant did not raise these challenges below. Moreover, we note that in addition to stacking being permissible, the sentences are each within the applicable range of punishment.[13]

---

[10] *See Saldano v. State*, 70 S.W.3d 873, 887–88 (Tex. Crim. App. 2002).

[11] Tex. Code Crim. Proc. Ann. art. 42.08(a) (Vernon 2006).

[12] Tex. Penal Code Ann. § 3.03(b) (Vernon Supp. 2008).

[13] *See id.* §§ 12.32(a), 12.33(a) (Vernon 2003) (providing range of confinement for second and first degree felonies respectively), §§ 21.11(d), 22.021(e) (Vernon 2003 & Supp. 2008) (providing respectively that indecency with a child by contact is a second degree felony and that aggravated sexual assault of a child is a first degree felony); *see also Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973) (providing general rule that punishment

6

We also note that Appellant does not argue or present any evidence that the stacking order is grossly disproportionate to the offenses.[14] Given the express penal code provision allowing stacking for these offenses, the nature of the offenses (Appellant was convicted of digitally penetrating a five-year-old and causing her to touch his sexual organ while both were guests in the home of their mutual relative),[15] and the absence of evidence or argument that stacking is an anomaly for these types of offenses, we overrule Appellant's fifth issue.

Having overruled Appellant's five issues, we affirm the trial court's judgment.

PER CURIAM

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  September 25, 2008

---

imposed within statutory limits is not excessive, cruel, or unusual); *Dale v. State*, 170 S.W.3d 797, 799 (Tex. App.—Fort Worth 2005, no pet.) (same).

[14] *Cf. Dale*, 170 S.W.3d at 799–800.

[15] *See id.*

7