COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-07-085-CR

 

 

EUGENIO RIVERA                                                                APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM CRIMINAL DISTRICT
COURT NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

A jury convicted Appellant Eugenio Rivera of
aggravated sexual assault of a child under the age of fourteen and indecency
with a child under the age of seventeen. 
The jury assessed Appellant=s
punishment at confinement for life for the aggravated sexual assault conviction
and at twenty years= confinement for the indecency
with a child conviction.  The trial court
sentenced him accordingly, ordering that the sentences be served consecutively.








In five issues, Appellant complains that the
State was allowed to improperly commit the venire panel, that the trial court
erred by admitting hearsay, that the trial court committed fundamental error by
not sua sponte declaring a mistrial, and that the trial court abused its
discretion by sua sponte ordering the sentences to be served
consecutively.  Because we hold that the
trial court did not err, we affirm the trial court=s
judgment.

In his first issue, Appellant contends that the
trial court erred by allowing the State to improperly commit the jurors.  The State asked the jurors whether they could
convict based solely on the testimony of a child if the child=s
testimony established the offense and if they believed the child beyond a
reasonable doubt or whether they would demand additional evidence.  The Texas Court of Criminal Appeals has
already held that this line of questioning is proper because it could lead to
answers giving rise to a valid challenge for cause.[2]  We overrule Appellant=s first
issue. 








In his second issue, Appellant contends that the
trial court abused its discretion by admitting outcry evidence over his hearsay
and confrontation objections.  He also
argues for the first time on appeal that article 38.072 of the code of criminal
procedure should be declared unconstitutional under Crawford v. Washington.[3]  The child complainant testified and Appellant=s
counsel cross-examined her.  Appellant
therefore exercised his right of confrontation. 
Additionally, because the complainant=s
testimony mirrored the outcry witness=s
testimony, the admission of the outcry witness=s
testimony, even if erroneous, does not require reversal.[4]  Further, to the extent that Appellant is
complaining that the statute is unconstitutional as applied to him, he has failed
to preserve his complaint in the trial court.[5]  Finally, to the extent that he raises a
facial challenge, the Texas Court of Criminal Appeals has explained,

A facial challenge to a statute is the most difficult challenge to
mount successfully because the challenger must establish that no set of
circumstances exists under which the statute will be valid.  Since a statute may be valid as applied to
one set of facts and invalid as applied to another, it is incumbent upon the (appellant)
to show that in its operation the statute is unconstitutional as to him in his
situation; that it may be unconstitutional as to others is not sufficient.

 

This rule conforms with the criterion for standing to challenge the
facial constitutionality of a statute as enunciated by the Supreme Court of the
United States:

 








A party has standing to challenge the constitutionality of a statute
only insofar as it has an adverse impact on his own rights.  As a general rule, if there is no
constitutional defect in the application of the statute to a litigant, he does
not have standing to argue that it would be unconstitutional if applied to
third parties in hypothetical situations.[6]  

 

Appellant is therefore required to demonstrate that article 38.072 was
unconstitutionally applied to him. 
Because the child complainant testified and was subject to
cross-examination, Appellant cannot meet this requirement.  We overrule Appellant=s second
issue.








In his third issue, Appellant contends that the
trial court abused its discretion by admitting testimony of the Cook Children=s
examining physician that the complainant had told her that Appellant had
touched her.  He also contends that his
confrontation rights were violated and, for the first time, that the admission
of the evidence violated his due process rights.  After the trial court overruled Appellant=s
objection that the evidence was hearsay and violated the Confrontation Clause,
the doctor again testified that the complainant had told her that Appellant
touched her, that the complainant had indicated by pointing at drawings that
Appellant had touched her genital area with his hand inside her panties and
that he had put his hand in her panties from the top, and that it had happened
at her aunt=s house.  Appellant did not object again.  As noted above, the child complainant
testified without objection to the same facts. 
We therefore overrule Appellant=s third
issue.[7]








In his fourth issue, Appellant contends that the
trial court committed fundamental error by not sua sponte declaring a mistrial
after excluding a pen packet from evidence because the State had already read
the enhancement paragraph in open court. 
Appellant argues that the enhancement allegation, which is of a felony
offense of aggravated criminal sexual abuse/bodily harm out of Illinois,
affected the jury=s assessment of punishment.  After excluding the evidence, the trial court
orally instructed the jury, at Appellant=s
request, not to Aconsider the repeat offender
notice that was read . . . for any purpose.@  We generally presume the jury follows the
trial court=s instructions.[8]  Appellant did nothing to preserve his
complaint below[9]
and has not convinced us that the trial court committed any error concerning
this issue, much less fundamental error.[10]  We overrule Appellant=s fourth
issue.

In his fifth issue, Appellant contends that the
trial court abused its discretion by ordering that the sentences run
consecutively.  As Appellant concedes,
article 42.08 of the code of criminal procedure allows stacking.[11]  Further, we note that section 3.03(b) of the
penal code specifically provides for stacking when a defendant is convicted of
certain offenses, including those for which Appellant was convicted, arising
out of a criminal episode and prosecuted in a single action.[12]








Appellant also argues that the stacking order
amounts to cruel and unusual punishment and a denial of due process.  Appellant did not raise these challenges
below.  Moreover, we note that in
addition to stacking being permissible, the sentences are each within the
applicable range of punishment.[13]
We also note that Appellant does not argue or present any evidence that the stacking
order is grossly disproportionate to the offenses.[14]  Given the express penal code provision
allowing stacking for these offenses, the nature of the offenses (Appellant was
convicted of digitally penetrating a five-year-old and causing her to touch his
sexual organ while both were guests in the home of their mutual relative),[15]
and the absence of evidence or argument that stacking is an anomaly for these
types of offenses, we overrule Appellant=s fifth
issue.

Having overruled Appellant=s five
issues, we affirm the trial court=s
judgment.

PER CURIAM

PANEL:  DAUPHINOT, GARDNER, and
WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED:  September 25, 2008











[1]See Tex. R. App. P. 47.4.





[2]Lee v. State, 206 S.W.3d 620, 623B24 (Tex. Crim. App.
2006).





[3]541 U.S. 36, 124 S. Ct.
1354 (2004).





[4]See Leday v. State, 983 S.W.2d 713, 718
(Tex. Crim. App. 1998). 





[5]See Tex. R. App. P.
33.1(a)(1); Mendez v. State, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004);
Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh=g), cert. denied, 526
U.S. 1070 (1999). 





[6]Santikos v. State, 836 S.W.2d 631, 633B34 (Tex. Crim. App.) (op.
on reh=g), cert. denied,
506 U.S. 999 (1992) (citations and quotations marks omitted).





[7]See Tex. R. App. P. 33.1(a)(1); Mendez,
138 S.W.3d at 341; Leday, 983 S.W.2d at 718; Mosley, 983 S.W.2d at 265.





[8]Colburn v. State, 966 S.W.2d 511, 520
(Tex. Crim. App. 1998).





[9]See Tex. R. App. P. 33.1(a)(1); Mendez,
138 S.W.3d at 341; Mosley, 983 S.W.2d at 265.





[10]See Saldano v. State, 70 S.W.3d 873, 887B88 (Tex. Crim. App.
2002).





[11]Tex. Code Crim. Proc.
Ann. art. 42.08(a) (Vernon 2006).





[12]Tex. Penal Code Ann. ' 3.03(b) (Vernon
Supp. 2008).





[13]See id. '' 12.32(a), 12.33(a)
(Vernon 2003) (providing range of confinement for second and first degree
felonies respectively), '' 21.11(d), 22.021(e)
(Vernon 2003 & Supp. 2008) (providing respectively that indecency with a
child by contact is a second degree felony and that aggravated sexual assault
of a child is a first degree felony); see also Jordan v. State, 495
S.W.2d 949, 952 (Tex. Crim. App. 1973) (providing general rule that punishment
imposed within statutory limits is not excessive, cruel, or unusual); Dale
v. State, 170 S.W.3d 797, 799 (Tex. App.CFort Worth 2005, no pet.) (same).





[14]Cf. Dale, 170 S.W.3d at 799B800.





[15]See id.