**Phillip DALE, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–03–328–CR.**

Court of Appeals of Texas,
Fort Worth.

July 28, 2005.

Robert G. Estrada, Wichita Falls, TX, for Appellant.

Barry L. Macha, Criminal District Atty., and John Brasher, Asst. District Atty., Wichita Falls, TX, for Appellee.

Panel A: CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.

## OPINION

ANNE GARDNER, Justice.

### INTRODUCTION

Appellant was indicted on eight counts of aggravated sexual assault involving two alleged victims. Counts I through V involved the same complainant, who was identified by pseudonym as 0020. Counts VI through VIII involved another complainant, who was identified by pseudonym 0020-A. Both complainants were the stepchildren of Appellant and were younger than seventeen years of age. Appellant pleaded no contest to each count of the indictment. Following the presentation of evidence, the trial court sentenced Appellant to fifty years' confinement on each of counts I through V, which were ordered to run concurrently. Appellant was also sentenced to twenty years' confinement on each of counts VI through VIII, which were likewise ordered to run concurrently. However, the trial judge also ordered that the sentences pertaining to counts VI through VIII run consecutively with the sentences in counts I through V. In two points, Appellant argues that his punishment was excessive and that the trial court's cumulative order was improper. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Because Appellant does not challenge the sufficiency of the evidence, we need only briefly discuss the facts of this case. The record shows that Appellant married the complainants' mother, Amy Triplet, in August 1991. The complainants were Triplet's daughter and son from a previous marriage and were between approximately four and seven years old when Triplet married Appellant. The complainants were identified by the use of a pseudonym. Triplet's daughter was identified by pseudonym 0020, and Triplet's son was identified by pseudonym 0020–A. The evidence showed that shortly after Triplet and Appellant married, Appellant began to routinely sexually assault both complainants separately. This abuse lasted throughout the marriage and spanned a period of approximately seven years.

## PUNISHMENT

In his first point, Appellant argues that his punishment was excessive. Appellant states that he presented mitigating evidence, including his lack of a criminal history, his character for honesty and integrity, his stable employment, and his family background, and he argues that he is a good subject for treatment instead of confinement. Therefore, he contends that his sentences, even though within the statutory range, are excessive. Appellant also argues that his sentences violate the Eighth Amendment's prohibition against sentences that are grossly disproportionate to the offense.

### A. Excessiveness

■ Generally, punishment assessed within the statutory limits is not excessive, cruel, or unusual punishment. *Jordan v. State,* 495 S.W.2d 949, 952 (Tex.Crim.App. 1973); *Alvarez v. State,* 63 S.W.3d 578, 580 (Tex.App.-Fort Worth 2001, no pet.).

■ Appellant pleaded no contest to eight counts of aggravated sexual assault, a first degree felony punishable by imprisonment for life or "for any term of not more than ninety-nine years or less than five years" and up to a $10,000 fine. *See* TEX. PENAL CODE ANN. § 12.32 (Vernon 2003), § 22.021 (Vernon Supp.2004–05). Thus, Appellant faced a possible life sentence on each count. Additionally, there is no indication in the record that the trial court did not take into consideration the mitigating evidence introduced by Appellant. Therefore, based on the record, we hold that Appellant's sentences are not excessive in that they do not exceed the statutory limits.

### B. Proportionality

■ A narrow exception to the general rule that a sentence within the statutory limits is not excessive, cruel, or unusual is recognized when the sentence is grossly disproportionate to the offense. *Alvarez,* 63 S.W.3d at 580; *see Moore v. State,* 54 S.W.3d 529, 542 (Tex.App.-Fort Worth 2001, pet. ref'd); *see also Harmelin v. Michigan,* 501 U.S. 957, 1004–05, 111 S.Ct. 2680, 2707, 115 L.Ed.2d 836 (1991) (Kennedy, J., concurring); *Solem v. Helm,* 463 U.S. 277, 290–92, 103 S.Ct. 3001, 3010–11, 77 L.Ed.2d 637 (1983); *McGruder v. Puckett,* 954 F.2d 313, 316 (5th Cir.), *cert. denied,* 506 U.S. 849, 113 S.Ct. 146, 121 L.Ed.2d 98 (1992).

■ The Supreme Court has identified three criteria to be used to evaluate the proportionality of a particular sentence. *Alvarez,* 63 S.W.3d at 580–81; *see Solem,* 463 U.S. at 292, 103 S.Ct. at 3011. They are (1) the gravity of the offense and the harshness of the punishment, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for the same offense in other jurisdictions. *Alvarez,* 63 S.W.3d at 581. In

a proportionality analysis, we first make a threshold comparison of the gravity of the offense against the severity of the sentence. *Id.* We judge the gravity of the offense in light of the harm caused or threatened to the victim or society and the culpability of the offender. *Id.* Only if we determine that the sentence is grossly disproportionate to the offense do we consider the remaining *Solem* factors. *Id.*

The evidence showed that Appellant committed these offenses by penetrating the sexual organ, mouth, and anus of pseudonym 0020 with his sexual organ; causing the mouth of pseudonym 0020 to contact his sexual organ; penetrating the sexual organ of pseudonym 0020 with his tongue; penetrating the mouth of pseudonym 0020–A with his sexual organ; causing the mouth of pseudonym 0020–A to contact his sexual organ; and causing the sexual organ of pseudonym 0020–A to penetrate Appellant's anus. These acts were done over a span of approximately seven years and occurred on a weekly, and sometimes daily, basis. Therefore, given not only the nature of these offenses, but also the regularity with which they occurred, we conclude that Appellant's sentences are not grossly disproportionate to the offenses. Appellant's first point is overruled.

### Consecutive Sentences

■ In his second point, Appellant argues that the trial court erred in ordering that his sentences in counts VI through VIII run consecutively to his sentences in counts I through V. Appellant argues that penal code section 3.03(b) allows consecutive sentencing of certain offenses only when there is a single victim.

1. A "criminal episode" is defined as

the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstances:

■ A trial court may consolidate cases for trial when the charged offenses arise out of the same criminal episode.[1] *Salazar v. State,* 127 S.W.3d 355, 363–64 (Tex.App.-Houston [14th Dist.] 2004, pet. ref'd); *see* TEX. PENAL CODE ANN. § 3.02(a) (Vernon 2003). Ordinarily, when a defendant has been convicted of multiple offenses that have been properly joined and prosecuted in a single trial, the sentences must run concurrently. *Owens v. State,* 96 S.W.3d 668, 671 (Tex.App.-Austin 2003, no pet.); *see* TEX. PENAL CODE ANN. § 3.03(a). There are, however, statutory exceptions to this rule that allow courts to impose consecutive sentences in certain circumstances or for certain offenses. *Owens,* 96 S.W.3d at 671; *see* TEX. PENAL CODE ANN. § 3.03(b). These exceptions were enacted in 1997 when the legislature amended section 3.03 of the penal code and were specifically made nonretroactive. *Owens,* 96 S.W.3d at 671; *see* Act of May 31, 1997, 75th Leg., R.S., ch. 667, § 7, 1997 Tex. Gen. Laws 2250, 2252–53. The exception pertinent to this case allows courts to impose consecutive sentences for certain sexual offenses, including aggravated sexual assault of a child. *Owens,* 96 S.W.3d at 671; *see* TEX. PENAL CODE ANN. § 3.03(b)(2)(A). Section 3.03(b)(2) states in relevant part,

If the accused is found guilty of more than one offense arising out of the same criminal episode, the sentences may run concurrently or consecutively if each sentence is for a conviction of:

. . . .

(2) an offense:

(A) under Section 21.11, 22.011, 22.021, 25.02, or 43.25 committed against

(1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or

(2) the offenses are the repeated commission of the same or similar offenses.

TEX. PENAL CODE ANN. § 3.01.

a victim younger than 17 years of age at the time of the commission of the offense regardless of whether the accused is convicted of violations of the same section more than once or is convicted of violations of more than one section. . . .

TEX. PENAL CODE ANN. § 3.03(b)(2)(A).

Appellant contends that the language of the statute authorizes consecutive sentencing only in offenses against the same victim. Therefore, he argues that because this case involved two victims, the statute did not authorize the trial court to order Appellant's sentences to run consecutively.[2]

This issue was recently addressed by one of our sister courts. *See Salazar*, 127 S.W.3d at 364–65. In *Salazar*, the court stated,

> In construing a statute, we must give effect to the plain meaning of the text unless the text is ambiguous or the plain meaning would lead to absurd results. *Parfait v. State*, 120 S.W.3d 348, 349 (Tex.Crim.App.2003). Once again, section 3.03(b) provides "[i]f the accused is found guilty of more than one offense arising out of the same criminal episode, the sentences may run concurrently or consecutively if each sentence is for a conviction of [an offense] under Section . . . 22.021 . . . against a victim younger than seventeen years of age. . . ." TEX. PENAL CODE ANN. § 3.03(b). Thus, the statute requires that "each sentence" be for an offense against "a victim younger

than 17 years of age." There is no language in the section supporting appellant's preferred interpretation that all of the sentences must be for offenses against the same victim. To the contrary, so long as the victim of each of the offenses was under 17, the requirements of the statute's plain language are clearly met. *Cf. Prudhomme v. State*, 47 S.W.3d 683, 691–92 (Tex.App.-Texarkana 2001, pet. ref'd) (interpreting section 3.03(b)(2)(A) as applying when the alleged offenses were against multiple complainants); *Hill v. State*, No. 12–01–00356–CR, 2003 WL 292316 (Tex.App.-Tyler February 12, 2003, no pet.) (not designated for publication) (same). This interpretation is bolstered by the fact that a criminal episode is defined in section 3.01 to potentially encompass offenses against more than one person. *See* TEX. PENAL CODE ANN. § 3.01.

*Id.*

We agree with the court's analysis in *Salazar*. Accordingly, we hold that the trial court did not err in ordering consecutive sentences in this instance. We overrule Appellant's second point.

### CONCLUSION

Having overruled Appellant's points, we affirm the trial court's judgment.

---

**2.** Each count of the indictment alleged that the crime occurred "on or about the 1st day of January, 1998." Therefore, the State was permitted to prove a date other than the one alleged in the indictment as long as the date was anterior to the presentment of the indictment and within the statutory limitation period. *See Sledge v. State*, 953 S.W.2d 253, 256 (Tex.Crim.App.1997). However, in order for the trial court to impose consecutive sentencing under penal code section 3.03(b), there had to be some evidence that Appellant committed the offenses after September 1,1997, the effective date of this section. *See Owens*, 96 S.W.3d at 672. The State offered evidence that the offenses occurred frequently, beginning shortly after Appellant and Triplet married in August of 1991 and ending in 1998. Appellant does not contend that the sexual assaults did not continue after September 1, 1997. Appellant's sole challenge to the consecutive sentencing is that it should not apply in a situation where there is more than one victim.