COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-06-121-CR

 

 

RAY CARL JOHNSON                                                           APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

In a single point, appellant
Ray Carl Johnson complains that the trial court abused its discretion in
assessing his sentence by ignoring mitigating evidence.  We affirm.

 

 








BACKGROUND

Appellant pled guilty to
aggravated robbery with a deadly weapon and received three years= deferred adjudication community supervision.  He subsequently pled true to violations of
its terms and conditions, and, in an effort to mitigate his sentence, testified
about his lack of education, his children, and other circumstances.  He blamed his prior drug use on a death in
his family.  The mother of his children
testified that Appellant grew up in difficult circumstances.  The trial court found Appellant guilty and
sentenced him to nine years= confinement.

DISCUSSION








Appellant essentially argues
that his punishment was excessive, although within the statutory range, in
light of the mitigating evidence he presented. 
Generally, punishment assessed within the statutory limits is not
excessive, cruel, or unusual punishment. 
Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); Dale
v. State, 170 S.W.3d 797, 799 (Tex. App.CFort Worth 2005, no pet.). 
Appellant pled guilty to aggravated robbery with a deadly weapon, a
first degree felony punishable by imprisonment for life or Afor any term of not more than ninety‑nine years or less than
five years@ and up to a
$10,000 fine.  See Tex. Penal Code Ann. '' 12.32, 29.03 (Vernon 2003). 
Thus, Appellant faced a possible life sentence and received nine years= confinement.  Additionally,
there is no indication in the record that the trial court did not take into
consideration Appellant=s mitigating
evidence.  Thus, we overrule his point.

CONCLUSION

Based on the record, we hold
that Appellant=s sentence
is not excessive in that it does not exceed the statutory limits.  We affirm the trial court=s judgment.

 

PER CURIAM

PANEL F: 
HOLMAN, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED: 
January 11, 2007











[1]See Tex.
R. App. P. 47.4.