COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-121-CR

RAY CARL JOHNSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In a single point, appellant Ray Carl Johnson complains that the trial court abused its discretion in assessing his sentence by ignoring mitigating evidence.  We affirm.

BACKGROUND

Appellant pled guilty to aggravated robbery with a deadly weapon and received three years’ deferred adjudication community supervision.  He subsequently pled true to violations of its terms and conditions, and, in an effort to mitigate his sentence, testified about his lack of education, his children, and other circumstances.  He blamed his prior drug use on a death in his family.  The mother of his children testified that Appellant grew up in difficult circumstances.  The trial court found Appellant guilty and sentenced him to nine years’ confinement.

DISCUSSION

Appellant essentially argues that his punishment was excessive, although within the statutory range, in light of the mitigating evidence he presented.  Generally, punishment assessed within the statutory limits is not excessive, cruel, or unusual punishment.  
Jordan v. State
, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); 
Dale v. State
, 170 S.W.3d 797, 799 (Tex. App.—Fort Worth 2005, no pet.).  Appellant pled guilty to aggravated robbery with a deadly weapon, a first degree felony punishable by imprisonment for life or “for any term of not more than ninety-nine years or less than five years” and up to a $10,000 fine.  
See
 
Tex. Penal Code Ann
. §§ 12.32, 29.03 (Vernon 2003).  Thus, Appellant faced a possible life sentence and received nine years’ confinement.  Additionally, there is no indication in the record that the trial court did not take into consideration Appellant’s mitigating evidence.  Thus, we overrule his point.

CONCLUSION

Based on the record, we hold that Appellant’s sentence is not excessive in that it does not exceed the statutory limits.  We affirm the trial court’s judgment.

PER CURIAM

PANEL F:  HOLMAN, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:
  January 11, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.