COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-06-460-CR

 

 

ROBERTO ALONZO CANCEL                                                  APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 396TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Upon his open plea of guilty,
Appellant Roberto Alonzo Cancel was convicted of aggravated robbery with a
deadly weapon, and the court assessed his punishment at twenty years= confinement.  In his sole
point, Appellant appeals the denial of his motion for new trial.  We affirm.

 








                                          BACKGROUND

On August 28, 2006, Appellant
entered an open plea of guilty to the offense of aggravated robbery with a
deadly weapon.  He completed an
application for community supervision and elected to have the court assess
punishment.  The court ordered
preparation of a presentence investigation report (PSI), and on November 10,
2006 the court held a punishment hearing. 
   The evidence established that on
November 7, 2005, Appellant, a seventeen-year-old male, dressed in black
clothes and wearing a toboggan hat over his head, committed an aggravated
robbery.  Appellant testified that he was
completely sober when he pointed a gun that was loaded with hollow point
bullets in the victim=s face
before stealing the victim=s car, cell phone, and wallet. 
Appellant told the preparer of the PSI that he felt a Arush@ when he
committed this crime, and he admitted at trial that he felt that he could not
stop once he started to commit the crime.








Appellant=s counsel requested that the trial court take judicial notice of
Appellant=s PSI, and
the court did so.  Zach Swindle, a
community supervision officer with Tarrant County, testified that he had
prepared the PSI.  Appellant=s counsel questioned Swindle about his recommendation in the PSI that
Appellant should receive Ashock
probation,@[2] to be followed by a period of community supervision, and Swindle
acknowledged that he had been mistaken about the availability of shock
probation for the offense of aggravated robbery with a deadly weapon.  Swindle explained that after a pretrial
conversation with the prosecutor and Appellant=s counsel, he realized that the only punishment options available to
the court would be deferred adjudication community supervision or confinement
for a minimum of five years.  Swindle
testified that this offense was Appellant=s first offense as an adult, although Appellant had two prior juvenile
offenses, one of which was selling drugs at school, and that Appellant had an
association with the ACrips@ gang.  Swindle recommended that
Appellant receive deferred adjudication community supervision.








Appellant testified that he
had ADD/ADHD and had problems at school because of this condition.  He testified that he had been prescribed
Adderall for his ADD/ADHD, but that he had not been taking it at the time of this
offense. He denied being a member of the Crips gang but acknowledged that he Ahung out with them@ and had repeated problems during his juvenile probation because of
his refusal to stop wearing Crips colors. 
Appellant stated he had never used any drugs other than marijuana.  He acknowledged that one of the other
problems he had while on juvenile probation was his failure to attend school on
a regular basis.

Appellant=s father testified that he would do anything to help Appellant, and
Appellant=s attorney
and the court agreed that Appellant=s mother would testify the same way. 
The trial court assessed Appellant=s punishment at twenty years= confinement.

Appellant filed a motion for
new trial alleging that the PSI prepared by Swindle was erroneous because it
recommended that Appellant be given shock probation, whereas the offense for
which Appellant was convicted, aggravated robbery with a deadly weapon, was not
an offense for which shock probation could be given.[3]  Appellant contended that had the PSI been
properly prepared, the court may have reached a different result as to
punishment and placed Appellant on community supervision.

The trial court held a
hearing on Appellant=s motion for
new trial.  At the hearing, Swindle
testified that although shock probation was not available for the offense for
which Appellant was convicted, Swindle would still recommend community
supervision for Appellant.








Appellant=s mother testified that Appellant committed the aggravated robbery
when she and Appellant=s father
were separated.  One of Appellant=s best friends, Chase Marsden, testified that Appellant does smoke
marijuana but has not used any hard drugs and is not in a gang.  Although Marsden acknowledged that he had not
visited Appellant in jail, he said he would do everything he could to help if
Appellant was granted a new trial.

Appellant testified that when
he committed the offense he was scared and the gun was loaded, but he would
never have pulled the trigger.  He said
he could comply with terms of community supervision and that he was sorry for
what he had done.

At the conclusion of the
hearing, the trial court denied the motion for new trial.

MOTION FOR NEW TRIAL

In his sole point, Appellant
contends that the trial court reversibly erred and abused its discretion by
overruling his motion for new trial because his sentence is excessive in light
of all of the mitigating evidence presented at the plea and sentencing and at
the new trial hearing.  Appellant claims
that this offense was his first offense as an adult, and that he presented the
trial court Anothing but
mitigating evidence from multiple witnesses,@ yet the court imposed an excessive punishment.








Standard of Review

We review the denial of a
motion for new trial for an abuse of discretion. Charles v. State, 146 S.W.3d 204,
208 (Tex. Crim. App. 2004).  The test for
abuse of discretion Ais not whether, in the opinion of the reviewing court, the facts
present an appropriate case for the trial court=s action; rather, it is a question of whether the trial court acted
without reference to any guiding rules or principles, and the mere fact that a
trial court may decide a matter within its discretionary authority differently
than an appellate court does not demonstrate such an abuse.@  State v. Herndon, 215
S.W.3d 901, 907-08 (Tex. Crim. App. 2007). 
We do not substitute our judgment for the trial court=s judgment.  Charles, 146 S.W.3d at
208.  We view
the evidence in the light most favorable to the trial court=s ruling and presume that all reasonable findings that could have been
made against the losing party were so made. 
See id.  Only when
no reasonable view of the record could support the trial court=s ruling do we conclude that the trial court abused its discretion by
denying the motion for new trial.  Id.

Excessive punishment








Generally, punishment
assessed within the statutory limits is not excessive, cruel, or unusual
punishment.  Jordan v. State, 495
S.W.2d 949, 952 (Tex. Crim. App. 1973); Dale v. State, 170 S.W.3d 797,
799 (Tex. App.CFort Worth
2005, no pet.).  Appellant pled guilty to
aggravated robbery with a deadly weapon, a first degree felony punishable by
imprisonment for life or Afor any term
of not more than ninety‑nine years or less than five years@ and up to a $10,000 fine.  See
Tex. Penal Code Ann. '' 12.32, 29.03 (Vernon 2003). 
Thus, Appellant faced a possible life sentence and received twenty years= confinement, a sentence that is well within the statutory punishment
range.  At both the punishment hearing
and the hearing on Appellant=s motion for new trial, Zach Swindle clearly informed the trial court
that he had been mistaken in the PSI when he recommended shock probation, and
there is absolutely no indication that the trial court was confused about
Swindle=s misstatement in the PSI or about whether Appellant was eligible for
shock probation.  Further, there is no
indication that the trial court did not take into consideration Appellant=s mitigating evidence, and in fact the court permitted Appellant to
present additional mitigating evidence at the new trial hearing.  Accordingly, we hold that the trial court did
not abuse its discretion by denying Appellant=s motion for new trial.  We
overrule Appellant=s sole
point.

 

 

 

 








                                           CONCLUSION

Having overruled Appellant=s sole point, we affirm the judgment of the trial court.

 

PER CURIAM

PANEL F: 
HOLMAN, J.; CAYCE, C.J.; and MCCOY, J.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED: 
May 24, 2007

 











[1]See Tex.
R. App. P. 47.4.





[2]See Tex. Code Crim. Proc. Ann. art. 42.12, ' 6
(Vernon 2006).





[3]See id. '' 3g(a)(F), 6.