COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-460-CR

ROBERTO ALONZO CANCEL APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Upon his open plea of guilty, Appellant Roberto Alonzo Cancel was convicted of aggravated robbery with a deadly weapon, and the court assessed his punishment at twenty years’ confinement.  In his sole point, Appellant appeals the denial of his motion for new trial.  We affirm.

BACKGROUND

On August 28, 2006, Appellant entered an open plea of guilty to the offense of aggravated robbery with a deadly weapon.  He completed an application for community supervision and elected to have the court assess punishment.  The court ordered preparation of a presentence investigation report (PSI), and on November 10, 2006 the court held a punishment hearing.   The evidence established that on November 7, 2005, Appellant, a seventeen-year-old male, dressed in black clothes and wearing a toboggan hat over his head, committed an aggravated robbery.  Appellant testified that he was completely sober when he pointed a gun that was loaded with hollow point bullets in the victim’s face before stealing the victim’s car, cell phone, and wallet.  Appellant told the preparer of the PSI that he felt a “rush” when he committed this crime, and he admitted at trial that he felt that he could not stop once he started to commit the crime.

Appellant’s counsel requested that the trial court take judicial notice of Appellant’s PSI, and the court did so.  Zach Swindle, a community supervision officer with Tarrant County, testified that he had prepared the PSI.  Appellant’s counsel questioned Swindle about his recommendation in the PSI that Appellant should receive “shock probation,”
(footnote: 2) to be followed by a period of community supervision, and Swindle acknowledged that he had been mistaken about the availability of shock probation for the offense of aggravated robbery with a deadly weapon.  Swindle explained that after a pretrial conversation with the prosecutor and Appellant’s counsel, he realized that the only punishment options available to the court would be deferred adjudication community supervision or confinement for a minimum of five years.  Swindle testified that this offense was Appellant’s first offense as an adult, although Appellant had two prior juvenile offenses, one of which was selling drugs at school, and that Appellant had an association with the “Crips” gang.  Swindle recommended that Appellant receive deferred adjudication community supervision.

Appellant testified that he had ADD/ADHD and had problems at school because of this condition.  He testified that he had been prescribed Adderall for his ADD/ADHD, but that he had not been taking it at the time of this offense. He denied being a member of the Crips gang but acknowledged that he “hung out with them” and had repeated problems during his juvenile probation because of his refusal to stop wearing Crips colors.  Appellant stated he had never used any drugs other than marijuana.  He acknowledged that one of the other problems he had while on juvenile probation was his failure to attend school on a regular basis.

Appellant’s father testified that he would do anything to help Appellant, and Appellant’s attorney and the court agreed that Appellant’s mother would testify the same way.  The trial court assessed Appellant’s punishment at twenty years’ confinement.

Appellant filed a motion for new trial alleging that the PSI prepared by Swindle was erroneous because it recommended that Appellant be given shock probation, whereas the offense for which Appellant was convicted, aggravated robbery with a deadly weapon, was not an offense for which shock probation could be given.
(footnote: 3)  Appellant contended that had the PSI been properly prepared, the court may have reached a different result as to punishment and placed Appellant on community supervision.

The trial court held a hearing on Appellant’s motion for new trial.  At the hearing, Swindle testified that although shock probation was not available for the offense for which Appellant was convicted, Swindle would still recommend community supervision for Appellant.

Appellant’s mother testified that Appellant committed the aggravated robbery when she and Appellant’s father were separated.  One of Appellant’s best friends, Chase Marsden, testified that Appellant does smoke marijuana but has not used any hard drugs and is not in a gang.  Although Marsden acknowledged that he had not visited Appellant in jail, he said he would do everything he could to help if Appellant was granted a new trial.

Appellant testified that when he committed the offense he was scared and the gun was loaded, but he would never have pulled the trigger.  He said he could comply with terms of community supervision and that he was sorry for what he had done.

At the conclusion of the hearing, the trial court denied the motion for new trial.

MOTION FOR NEW TRIAL

In his sole point, Appellant contends that the trial court reversibly erred and abused its discretion by overruling his motion for new trial because his sentence is excessive in light of all of the mitigating evidence presented at the plea and sentencing and at the new trial hearing.  Appellant claims that this offense was his first offense as an adult, and that he presented the trial court “nothing but mitigating evidence from multiple witnesses,” yet the court imposed an excessive punishment.

Standard of Review

We review the denial of a motion for new trial for an abuse of discretion. 
Charles v. State
, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004).  The test for abuse of discretion
 “is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court’s action; rather, it is a question of whether the trial court acted without reference to any guiding rules or principles, and the mere fact that a trial court may decide a matter within its discretionary authority differently than an appellate court does not demonstrate such an abuse.”  
State v. Herndon
, 215 S.W.3d 901, 907-08 (Tex. Crim. App. 2007).  
We do not substitute our judgment for the trial court’s judgment.  
Charles
, 146 S.W.3d at 208
.  We view the evidence in the light most favorable to the trial court’s ruling and presume that all reasonable findings that could have been made against the losing party were so made.  
See
 
id.
  Only when no reasonable view of the record could support the trial court’s ruling do we conclude that the trial court abused its discretion by denying the motion for new trial.  
Id.

Excessive punishment

Generally, punishment assessed within the statutory limits is not excessive, cruel, or unusual punishment.  
Jordan v. State
, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); 
Dale v. State
, 170 S.W.3d 797, 799 (Tex. App.—Fort Worth 2005, no pet.).  Appellant pled guilty to aggravated robbery with a deadly weapon, a first degree felony punishable by imprisonment for life or “for any term of not more than ninety-nine years or less than five years” and up to a $10,000 fine.  
See
 
Tex. Penal Code Ann
. §§ 12.32, 29.03 (Vernon 2003).  Thus, Appellant faced a possible life sentence and received twenty years’ confinement, a sentence that is well within the statutory punishment range.  At both the punishment hearing and the hearing on Appellant’s motion for new trial, Zach Swindle clearly informed the trial court that he had been mistaken in the PSI when he recommended shock probation, and there is absolutely no indication that the trial court was confused about Swindle’s misstatement in the PSI or about whether Appellant was eligible for shock probation.  Further, there is no indication that the trial court did not take into consideration Appellant’s mitigating evidence, and in fact the court permitted Appellant to present additional mitigating evidence at the new trial hearing.  Accordingly, we hold that the trial court did not abuse its discretion by denying Appellant’s motion for new trial.  We overrule Appellant’s sole point.

CONCLUSION

Having overruled Appellant’s sole point, we affirm the judgment of the trial court.

PER CURIAM

PANEL F:  HOLMAN, J.; CAYCE, C.J.; and MCCOY, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  May 24, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See
 
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 6 (Vernon 2006).

3:
See id.
 §§ 3g(a)(F), 6.