F



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-10-00276-CR

AGUSTIN GARCIA                                              APPELLANT

V.

THE STATE OF TEXAS                                         STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. Introduction and Background

Appellant Agustin Garcia was indicted for attempted capital murder and later entered an open plea of guilty to a lesser-included charge of aggravated assault of a public servant with a deadly weapon. The trial court conducted an evidentiary hearing, found Appellant guilty of aggravated assault of a public servant with a deadly weapon, and sentenced Appellant to twenty-nine years'

----

[1]*See* Tex. R. App. P. 47.4.

confinement. In his sole issue on appeal, Appellant contends that the trial court abused its discretion and assessed cruel and unusual punishment by sentencing him to twenty-nine years' confinement.

## II. Discussion

Appellant contends that his twenty-nine year sentence violates the Eighth Amendment of the United States Constitution and article I, section 13 of the Texas constitution. However, Appellant did not object to his sentence at the time it was imposed nor complain about it in a motion for new trial. As we held in *Kim v. State*,

> It is axiomatic that errors that are asserted on the part of the trial court must generally be brought to the trial court's attention in order to afford the trial court an opportunity to correct the error, if any. To preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. . . .
>
> [Appellant's] complaint about the alleged disproportionality of his sentence was not raised at the time it was imposed or in a motion for new trial. Therefore, he preserved nothing for our review.

283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd) (internal citations omitted); *see also Noland v. State*, 264 S.W.3d 144, 151–52 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (holding defendant failed to preserve his Eighth Amendment complaint of grossly disproportionate sentence); *Acosta v. State*, 160 S.W.3d 204, 211 (Tex. App.—Fort Worth 2005, no pet.) (holding defendant failed to preserve his Texas constitutional complaint of grossly

2

disproportionate sentence). Just as in *Kim*, Appellant did not object to his twenty-nine year sentence at the time it was imposed or complain about it in a motion for new trial. *See Kim*, 283 S.W.3d at 475. Appellant therefore preserved nothing for our review. *See id.*

Further, even if we were to reach the merits of Appellant's complaint, his twenty-nine year sentence is well within the statutory range of five to ninety-nine years for first-degree felonies. *See* Tex. Penal Code Ann. § 12.32(a) (Vernon Supp. 2010). And punishment imposed within the statutory range is generally not subject to challenge for excessiveness. *See Kim*, 283 S.W.3d at 475–76 (stating punishment assessed was not excessive when based on sentencer's informed normative judgment and fell within the legislatively prescribed range); *Dale v. State*, 170 S.W.3d 797, 799 (Tex. App.—Fort Worth 2005, no pet.) ("Generally, punishment assessed within the statutory limits is not excessive, cruel, or unusual punishment."). Moreover, the record reflects that Appellant intentionally and knowingly pointed a loaded firearm at a uniformed police officer, that Appellant told the officer that he would kill him, that the officer would not be alive had he not reacted quickly by firing at Appellant, and that Appellant has an extensive criminal history. Appellant could have been sentenced to as many as ninety-nine years' confinement but instead received a twenty-nine year sentence. *See* Tex. Penal Code Ann. § 12.32(a). We overrule Appellant's sole issue.

### III.  Conclusion

Having overruled Appellant's sole issue, we affirm the trial court's judgment.

PER CURIAM

PANEL:  GARDNER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  May 5, 2011