NUMBER 13-10-00178-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI—EDINBURG

____________________________________________________

 

GARY WAYNE HILL,                                                                              Appellant,

v.

STATE OF TEXAS,                                                                       Appellee.

____________________________________________________

 

On appeal from the 252nd Judicial District Court

of Jefferson County, Texas

____________________________________________________

 

MEMORANDUM OPINION

 

Before Chief Justice Valdez, and Justices Rodriguez
and Perkes Memorandum Opinion by Justice Perkes

 

            Pursuant to a plea
bargain, appellant, Gary Wayne Hill, pleaded guilty to aggravated assault, a
second degree felony, and the trial court placed him on five years’
deferred-adjudication community supervision.  Tex.
Penal Code § 22.02 (West Supp. 2010)[1]. 
The State filed a motion to revoke appellant’s unadjudicated community
supervision, alleging appellant violated the terms and conditions of his community
supervision.  The trial court found appellant guilty of aggravated assault with
use or exhibition of a deadly weapon (firearm), revoked appellant’s
unadjudicated community supervision, and sentenced appellant to sixteen years’
confinement in the Institutional Division of the Texas Department of Criminal
Justice.  By two issues, appellant contends the trial court’s sentencing was
constitutionally disproportionate and unreasonable, thereby violating his
constitutional rights under the Eighth Amendment to the United States
Constitution and under Article I, section 13 of the Texas Constitution.  See
U. S. Const. amend. VIII; Tex. Const. art. I, §13.  Appellant
further argues that the court did not consider existing verifiable facts and
the mandated factors of article 42.12, section 3(G) of the Texas Code of
Criminal Procedure.  See Tex.
Code Crim. Proc. Ann. art. 42.12, §3(G) (West 2006).  We affirm.

I.
Background[2]

On October 20, 2008, the
trial court accepted appellant's guilty plea, deferred the adjudication, set a
fine of $1,000.00, and placed him on deferred-adjudication community
supervision for five years. See Tex. Code Crim. Proc. Ann. art. 42.12 (West
Supp. 2010). On December 1, 2008, and again on October 12, 2009, the trial court
entered orders amending the terms of community supervision and imposing various
sanctions, including, without limitation, serving time in jail and attending alcoholics
anonymous / narcotics anonymous meetings.  On January 29, 2010, an
administrative hearing was held, wherein the trial court found that appellant: 
(1) tested positive for cocaine at the probation office on December 14, 2009;
(2) admitted he handled cocaine when he took it from his cousin who was
attempting to sell it from his house; (3) tested positive for cocaine again on
January 28, 2010; (4) was in arrears in the sum of $1,000.00; and (5) had not
provided any documentation of employment since being released from a Substance
Abuse Felony Punishment Facility (“SAFPF”) on August 14, 2009.  On March 1,
2010, a bench trial was held on the State’s Motion to Revoke Probation.  The trial
court found appellant violated the terms of his community
supervision by:  (1) failing to work faithfully at suitable employment and provide
verification thereof; and (2) failing to never become intoxicated or be
under the influence of any intoxicating substance.  The trial court rendered
judgment against appellant, and this appeal followed. 

II. Analysis

            Appellant
did not make any objections regarding the constitutionality of the court’s sentence
or any other objections during the trial proceeding, and he did not
file a motion for new trial or any other post-verdict motion asserting any
constitutional and statutory complaints.[3]  To preserve a complaint of
disproportionate sentencing, the defendant must make a timely, specific
objection in the trial court or raise the issue in a motion for new trial.  Tex. R. App. P. 33.1; Heidelberg v.
State, 144 S.W.3d 535, 542–43 (Tex. Crim. App. 2004); Quintana v. State,
777
S.W.2d 474, 479 (Tex. App.—Corpus 








Christi 1989, pet. ref’d); see also Montemayor v. State, No.
13–10–00292–CR,
2011 WL 1844449, at *3 (Tex. App.—Corpus Christi March 17, 2011, no pet.) (mem.
op.) (not designated for publication).  Our law is well-established
that almost every right, constitutional or statutory, may be waived by the
failure to object.  Broxton v. State, 909
S.W.2d 912, 918 (Tex. Crim. App. 1995); Kim v. State, 283
S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref’d).

            Appellant failed to preserve his issues for review on
appeal. See Tex. R. App. P. 33.1.  Further, even if we were to reach the
merits of appellant’s complaints, the punishment imposed was within the
statutory limits.  Absent rare exceptions not present under the facts of this
case, a punishment that falls within the legislatively prescribed range is
unassailable on appeal.  See Ex parte Chavez, 213 S.W.3d 320, 323-24
(Tex. Crim. App. 2006); Dale v. State, 170 S.W.3d 797, 799 (Tex.
App.—Fort Worth 2005, no pet.).  An individual adjudged guilty of a felony
of the second degree shall be punished by imprisonment in the institutional
division for any term of not more than twenty years or less than two years.  Tex. Penal Code § 12.33(a) (West Supp. 2010).  Appellant was sentenced to
sixteen years’ confinement.  We overrule appellant’s first and second issues.

III. Conclusion

            We affirm the trial
court’s judgment.

 

___________________________

GREGORY T. PERKES

                                                                                    Justice

 

Do not publish.  Tex.
R. App. P. 47.2(b).

 

Delivered and filed the 

23rd day of June 2011.









            [1]
We note that the applicable statute is that which existed at the time the crime
was committed.  Since subsequent statutory revisions are not pertinent to this
appeal, we cite to the current version of the statute. 





 

            [2] This
case is before this Court on transfer from the Ninth Court of Appeals in
Beaumont pursuant to an order issued by the Supreme Court of Texas. See Tex.
Gov't Code Ann. § 73.001
(West 2005).

 





[3] Appellant states in his brief that he “raised the
claim presented on appeal in a post-verdict motion filed with the trial court,
which was denied on November 16, 2009.”  However, the trial was held on March
1, 2010, and the court entered its judgment on March 11, 2010.  Our review of
the record shows that no post-verdict motion was filed and that no such
post-verdict hearing was held in this matter.