

# NUMBER 13-10-00178-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI—EDINBURG

_____

GARY WAYNE HILL,                                                    Appellant,

v.

STATE OF TEXAS,                                                     Appellee.
_____

### On appeal from the 252nd Judicial District Court
### of Jefferson County, Texas
_____

# MEMORANDUM OPINION

**Before Chief Justice Valdez, and Justices Rodriguez and Perkes**
**Memorandum Opinion by Justice Perkes**

Pursuant to a plea bargain, appellant, Gary Wayne Hill, pleaded guilty to aggravated assault, a second degree felony, and the trial court placed him on five years' deferred-adjudication community supervision. TEX. PENAL CODE § 22.02 (West Supp.

2010)[1]. The State filed a motion to revoke appellant's unadjudicated community supervision, alleging appellant violated the terms and conditions of his community supervision. The trial court found appellant guilty of aggravated assault with use or exhibition of a deadly weapon (firearm), revoked appellant's unadjudicated community supervision, and sentenced appellant to sixteen years' confinement in the Institutional Division of the Texas Department of Criminal Justice. By two issues, appellant contends the trial court's sentencing was constitutionally disproportionate and unreasonable, thereby violating his constitutional rights under the Eighth Amendment to the United States Constitution and under Article I, section 13 of the Texas Constitution. *See* U. S. CONST. amend. VIII; TEX. CONST. art. I, §13. Appellant further argues that the court did not consider existing verifiable facts and the mandated factors of article 42.12, section 3(G) of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, §3(G) (West 2006). We affirm.

## I. BACKGROUND[2]

On October 20, 2008, the trial court accepted appellant's guilty plea, deferred the adjudication, set a fine of $1,000.00, and placed him on deferred-adjudication community supervision for five years. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 (West Supp. 2010). On December 1, 2008, and again on October 12, 2009, the trial court entered orders amending the terms of community supervision and imposing various sanctions, including, without limitation, serving time in jail and attending alcoholics

---

[1] We note that the applicable statute is that which existed at the time the crime was committed. Since subsequent statutory revisions are not pertinent to this appeal, we cite to the current version of the statute.

[2] This case is before this Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

anonymous / narcotics anonymous meetings. On January 29, 2010, an administrative hearing was held, wherein the trial court found that appellant: (1) tested positive for cocaine at the probation office on December 14, 2009; (2) admitted he handled cocaine when he took it from his cousin who was attempting to sell it from his house; (3) tested positive for cocaine again on January 28, 2010; (4) was in arrears in the sum of $1,000.00; and (5) had not provided any documentation of employment since being released from a Substance Abuse Felony Punishment Facility ("SAFPF") on August 14, 2009. On March 1, 2010, a bench trial was held on the State's Motion to Revoke Probation. The trial court found appellant violated the terms of his community supervision by: (1) failing to work faithfully at suitable employment and provide verification thereof; and (2) failing to never become intoxicated or be under the influence of any intoxicating substance. The trial court rendered judgment against appellant, and this appeal followed.

## II. ANALYSIS

Appellant did not make any objections regarding the constitutionality of the court's sentence or any other objections during the trial proceeding, and he did not file a motion for new trial or any other post-verdict motion asserting any constitutional and statutory complaints.[3] To preserve a complaint of disproportionate sentencing, the defendant must make a timely, specific objection in the trial court or raise the issue in a motion for new trial. TEX. R. APP. P. 33.1; *Heidelberg v. State,* 144 S.W.3d 535, 542–43 (Tex. Crim. App. 2004); *Quintana v. State,* 777 S.W.2d 474, 479 (Tex. App.—Corpus

---

[3] Appellant states in his brief that he "raised the claim presented on appeal in a post-verdict motion filed with the trial court, which was denied on November 16, 2009." However, the trial was held on March 1, 2010, and the court entered its judgment on March 11, 2010. Our review of the record shows that no post-verdict motion was filed and that no such post-verdict hearing was held in this matter.

Christi 1989, pet. ref'd); *see also Montemayor v. State,* No. 13–10–00292–CR, 2011 WL 1844449, at *3 (Tex. App.—Corpus Christi March 17, 2011, no pet.) (mem. op.) (not designated for publication). Our law is well-established that almost every right, constitutional or statutory, may be waived by the failure to object. *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995); Kim *v. State,* 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd).

Appellant failed to preserve his issues for review on appeal. *See* Tex. R. App. P. 33.1. Further, even if we were to reach the merits of appellant's complaints, the punishment imposed was within the statutory limits. Absent rare exceptions not present under the facts of this case, a punishment that falls within the legislatively prescribed range is unassailable on appeal. *See Ex parte Chavez*, 213 S.W.3d 320, 323-24 (Tex. Crim. App. 2006); *Dale v. State,* 170 S.W.3d 797, 799 (Tex. App.—Fort Worth 2005, no pet.). An individual adjudged guilty of a felony of the second degree shall be punished by imprisonment in the institutional division for any term of not more than twenty years or less than two years. TEX. PENAL CODE § 12.33(a) (West Supp. 2010). Appellant was sentenced to sixteen years' confinement. We overrule appellant's first and second issues.

### III. CONCLUSION

We affirm the trial court's judgment.

_____
GREGORY T. PERKES
Justice

Do not publish. TEX. R. APP. P. 47.2(b).

Delivered and filed the
23rd day of June 2011.