

## NUMBER 13-11-00219-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

BRITNEY NICOLE GARRETT,                                    Appellant,

v.

THE STATE OF TEXAS,                                    Appellee.

### On appeal from the Criminal District Court
### of Jefferson County, Texas.

## MEMORANDUM OPINION[1]

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion by Justice Rodriguez

Appellant Britney Nicole Garrett appeals from a conviction for theft in the

aggregate amount of at least fifteen hundred dollars, a state-jail felony. *See* TEX. PENAL

---

[1] This case is before the Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

CODE ANN. § 31.03 (West Supp. 2010), § 31.09 (West 2003). By two issues, Garrett complains that her sentence violates her constitutional rights under the Eighth Amendment to the United States Constitution and under Article I, section 13 of the Texas Constitution because it is constitutionally disproportionate and unreasonable. *See* U. S. CONST. amend. VIII; TEX. CONST. art. I, § 13. Garrett also argues that the trial court erred when it did not consider existing verifiable facts and the mandated factors of article 37.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3 (West Supp. 2010). We affirm.

## I. BACKGROUND[2]

Garrett entered a plea of guilty, and the trial court granted her deferred adjudication and placed her on community supervision for a period of four years. *See id.* at art. 42.12, § 5 (West Supp. 2010). The State subsequently filed a motion to revoke. At the revocation hearing, Garrett pleaded true to multiple violations of the conditions of her probation. The trial court revoked Garrett's probation, adjudicated her guilt, and sentenced her to confinement in the state jail for a term of fifteen months. *See* TEX. PENAL CODE ANN. § 12.35 (West Supp. 2010) (providing that an individual adjudged guilty of a state jail felony shall be punished by confinement in a state jail for any term of not more than two years or less than 380 days and may be assessed a fine not to exceed $10,000). This appeal followed.

## II. DISCUSSION

To preserve a complaint of disproportionate sentencing, the defendant must make

---

[2] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

2

a timely, specific objection in the trial court or raise the issue in a motion for new trial. TEX. R. APP. P. 33.1; *Heidelberg v. State*, 144 S.W.3d 535, 542-43 (Tex. Crim. App. 2004); *Quintana v. State*, 777 S.W.2d 474, 479 (Tex. App.—Corpus Christi 1989, pet. ref'd); *see also Montemayor v. State*, No. 13-10-00292-CR, 2011 Tex. App. LEXIS 1946, at *7-8 (Tex. App.—Corpus Christi March 17, 2011, no pet.) (mem. op.) (not designated for publication).   Our law is well-established that almost every right, constitutional or statutory, may be waived by the failure to object.   *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995) (en banc); *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd).

During the hearing on the State's motion to revoke, Garrett made no objections; specifically, she made no objection regarding the constitutionality of the court's sentence. Garrett did not file a motion for new trial or any other post-verdict motion asserting any constitutional or statutory complaints.[3]   Therefore, Garrett failed to preserve her issues for review on appeal.   *See* TEX. R. APP. P. 33.1.

Furthermore, even if we reached the merits of Garrett's complaints, the punishment imposed was within the statutory limits.   Absent rare exceptions which are not present under the facts of this case, a punishment that falls within the legislatively-prescribed range is unassailable on appeal.   *See Ex parte Chavez*, 213 S.W.3d 320, 323-24 (Tex. Crim. App. 2006); *Dale v. State*, 170 S.W.3d 797, 799 (Tex. App.—Fort Worth 2005, no pet.).   Relevant to this case, an individual adjudged guilty of a

---

[3] Garrett states in her brief that she "raised the claim presented on appeal in a post-verdict motion filed with the trial court, which was denied on November 16, 2009."   However, no November 16, 2009 post-verdict motion appears in the record.   Moreover, the trial court did not impose the sentence about which Garrett complains until February 2011.

state jail felony shall be punished by confinement in a state jail for any term of not more than two years or less than 380 days. TEX. PENAL CODE ANN. § 12.35. Garrett's sentence of fifteen months' confinement in state jail falls within this legislatively-prescribed range. *See id.*

Accordingly, we overrule Garrett's first and second issues.

### III. CONCLUSION

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 29th
day of September, 2011.

4