**Opinion filed September 4, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00200-CR
_____

**AMY GRADY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CR21524**

### M E M O R A N D U M   O P I N I O N

Following a hearing, the trial court accepted Amy Grady's open plea of true to the State's motion to adjudicate her guilt, adjudged her guilty of delivery of a controlled substance in a drug-free zone,[1] assessed her punishment at confinement for four years, and sentenced her accordingly. Appellant appeals the trial court's judgment and argues, in a single issue, that her punishment is grossly

---

[1]*See* TEX. HEALTH & SAFETY CODE ANN. § 481.114 (West 2010), § 481.134 (West Supp. 2013).

disproportionate to the offense and constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution. *See* U.S. CONST. amend. VIII. We affirm.

## I. *The Charged Offense*

The grand jury indicted Appellant for delivery of hydrocodone in a drug-free zone. A person commits an offense if the person knowingly manufactures, delivers, or possesses with intent to deliver a controlled substance listed in Penalty Group 3 or 4. HEALTH & SAFETY § 481.114(a). Hydrocodone is listed in Penalty Group 3. *Id.* An offense under Section 481.114(a) is a state jail felony if the amount of the controlled substance to which the offense applies is, by aggregate weight, including adulterants or dilutants, less than twenty-eight grams. *Id.*

If the person commits an offense under Section 418.114(b) in a drug-free zone, the offense becomes punishable as a third-degree felony. *Id.* An individual adjudged guilty of a felony of the third degree shall be punished by imprisonment in the Texas Department of Criminal Justice for any term of not more than ten years or less than two years. TEX. PENAL CODE ANN. § 12.34(a) (West 2011). In addition, an individual adjudged guilty of a third-degree felony may be punished by a fine not to exceed $10,000. *Id*. § 12.34(b). Additionally, "[a]n inmate serving a sentence for which the punishment is increased under Section 481.134, Health and Safety Code, is not eligible for release on parole until the inmate's actual calendar time served, without consideration of good conduct time, equals five years or the term to which the inmate was sentenced, whichever is less." TEX. GOV'T CODE ANN. § 508.145(e) (West Supp. 2013).

## II. *Background*

Appellant originally pleaded "no contest" to the offense of delivery of a controlled substance in a drug-free zone. The trial court deferred the adjudication of her guilt and placed her on community supervision for a term of eight years.

In May 2013, the State filed a motion to proceed with an adjudication of Appellant's guilt. In the motion, the State alleged that Appellant violated the terms of her community supervision in the following ways: committed the offense of criminal trespass; used marihuana; associated with persons of harmful character; failed to work faithfully at suitable employment; failed to pay court costs, fines, and other fees; failed to complete community service; and failed to complete counseling.

The trial court held a hearing on the State's motion to adjudicate. Appellant pleaded "true" to some of the allegations against her. After hearing evidence, the trial court found most of the allegations true. However, the trial court rejected the allegation that Appellant failed to faithfully work at suitable employment and the allegations that Appellant failed to pay costs, fines, and fees.

## III. *Standard of Review*

In reviewing a trial court's sentencing determination, "a great deal of discretion is allowed the sentencing judge." *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). We will not disturb a trial court's decision as to punishment absent a showing of abuse of discretion and harm. *Id.*

## IV. *Analysis*

Appellant argues that her sentence is grossly disproportionate to the offense and, therefore, constitutes cruel and unusual punishment. In support of her argument, Appellant points to the fact that her sentence must be served day-for-day. *See* GOV'T § 508.145(e). As a general rule, punishment is not cruel and unusual if it falls within the range of punishment established by the legislature. *Dale v. State*, 170 S.W.3d 797, 799 (Tex. App.—Fort Worth 2005, no pet.). Here, Appellant was convicted of the third-degree felony of delivery of a controlled substance in a drug-free zone. *See* HEALTH & SAFETY §§ 481.114, 481.134. The statutory range of punishment for a third-degree felony is imprisonment for a term

3

between two and ten years.  PENAL § 12.34(a).  Appellant's four-year sentence is within the statutory range of punishment.

An exception to the general rule exists for a sentence that falls within the statutory range for the crime but is grossly disproportionate to the crime.  *Solem v. Helm*, 463 U.S. 277, 290 (1983); *Dale*, 170 S.W.3d at 799.  A prohibition against grossly disproportionate punishment survives under the U.S. Constitution apart from any consideration of whether the punishment assessed is within the statute's range.  *Delacruz v. State*, 167 S.W.3d 904, 906 (Tex. App.—Texarkana 2005, no pet.).  However, the Supreme Court has recognized that "[o]utside the context of capital punishment, *successful* challenges to the proportionality of particular sentences [will be] exceedingly rare."  *Solem*, 463 U.S. at 289–90 (alterations in original) (quoting *Rummel v. Estelle*, 445 U.S. 263, 272 (1980)).

In a proportionality analysis, we first make a threshold comparison of the gravity of an appellant's offense against the severity of her sentence.  *Dale*, 170 S.W.3d at 799–800.  We consider the gravity of the offense in light of the harm caused or threatened to the victim or society and the culpability of the offender.  *Dale*, 170 S.W.3d at 800; *Alvarez v. State*, 63 S.W.3d 578, 581 (Tex. App.—Fort Worth 2001, no pet.).  Only if we infer that the sentence is grossly disproportionate to the offense will we then compare the sentence received to sentences imposed for similar crimes in Texas and sentences imposed for the same crime in other jurisdictions.  *Solem*, 463 U.S. at 292; *Dale*, 170 S.W.3d at 800.

In this case, Appellant pleaded "no contest" to the charged offense of delivery of a controlled substance in a drug-free zone and was placed on deferred adjudication community supervision.  After Appellant violated the conditions of her community supervision the first time, she was ordered to spend ten days in the county jail.  Later, Appellant again violated the conditions of her community supervision.  At the hearing on the State's motion to adjudicate, Appellant pleaded

4

"true" to many of the State's allegations. Appellant also testified that she understood that the drug-free zone enhancement meant that she would be required to serve the full amount of any prison time she received.

Given the facts and circumstances of this case and a sentence at the low end of the punishment range, we conclude that Appellant's four-year sentence is not grossly disproportionate to the offense. Therefore, we do not compare Appellant's sentence to sentences imposed for similar crimes in Texas and sentences imposed for the same crime in other jurisdictions. *See Dale*, 170 S.W.3d at 800.

Furthermore, the fact that Appellant must serve her four-year sentence day-for-day does not make the punishment cruel and unusual. *See Underwood v. State*, No. 06-02-00104-CR, 2003 WL 61259, at *2 (Tex. App.—Texarkana Jan. 9, 2003, no pet.) (not designated for publication) (rejecting the defendant's claim that his eighteen-month day-for-day sentence was unconstitutionally disproportionate to his crime). We overrule Appellant's sole issue.

## V. *This Court's Ruling*

We affirm the judgment of the trial court.

MIKE WILLSON
JUSTICE

September 4, 2014

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.