**Opinion filed August 21, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00138-CR
_____

## JOSHUA GILBERT BONILLA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 238th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR41897**

## M E M O R A N D U M   O P I N I O N

Appellant, Joshua Gilbert Bonilla, pleaded guilty to four counts of sexual assault of a child.[1]  The trial court deferred adjudication of Appellant's guilt on all four counts, placed him on community supervision for a period of seven years, and assessed a fine in the amount of $500.  Later, during a revocation hearing, Appellant

---

[1]*See* TEX. PENAL CODE ANN. § 22.011(a)(2)(A) (West 2011).

pleaded "true" to three of the allegations in the State's motion to revoke community supervision. The trial court found the allegations to be "true" and found that Appellant had violated his community supervision. The trial court revoked his community supervision and adjudicated him guilty of all four counts of sexual assault of a child. The trial court subsequently assessed punishment at confinement for eleven years for each count, all to be served concurrently, and then sentenced Appellant accordingly. We affirm.

Appellant, in a single issue, argues that his punishment is grossly disproportionate to the offense and constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution; Article I, section 13 of the Texas Constitution; and Article 1.09 of the Texas Code of Criminal Procedure. *See* U.S. CONST. amend. VIII; TEX. CONST. art. I, § 13; TEX. CODE CRIM. PROC. ANN. art. 1.09 (West 2005).

## I. *The Charged Offenses*

On July 26, 2013, the grand jury indicted Appellant on four counts of sexual assault of a child. A person commits the offense of sexual assault as charged in this case if the person intentionally or knowingly causes the penetration of the anus or sexual organ of a child by any means. PENAL § 22.011(a)(2)(A). The offense is a second-degree felony. *Id.* § 22.011(f). An individual adjudged guilty of a felony in the second degree shall be punished by imprisonment for any term of not more than twenty years or less than two years. PENAL § 12.33(a).

## II. *Evidence at Revocation Hearing*

In December 2013, the State moved to revoke Appellant's community supervision and adjudicate his guilt. The State alleged that Appellant had (1) intentionally and knowingly entered into a "zero tolerance red zone," Gatti's Pizza; (2) intentionally and knowingly entered into a "zero tolerance red zone," Midland Senior High School; (3) failed to obtain and maintain suitable employment;

2

(4) failed to pay all community supervision fees and court costs; and (5) failed to perform community service hours. The State abandoned the third allegation, and Appellant pleaded "true" to the first, second, and fifth allegations.

At the hearing, Appellant's community supervision officer, Lourdes Nunez, testified that she had explained to Appellant the conditions of his community supervision, explained "zero tolerance red zones," and gave examples of Gatti's Pizza and any local school. Appellant never indicated to her that he did not understand the conditions of his community supervision. Approximately a week after Appellant was placed on community supervision, Nunez observed Appellant walking from the Midland High School Annex, which is at the intersection of Louisiana Street and A Street, to the corner of Marienfeld and Louisiana, apparently en route to the Dairy Queen. Appellant was accompanied by a male student. Later that day, Nunez counseled Appellant and again told him what a no tolerance red zone was and told him that he needed to stay 1,000 feet away from any such zone. About a month later, Nunez observed Appellant enter the foyer area of Gatti's Pizza. Nunez also indicated that she was unable to verify that Appellant had completed any of the required community service hours.

### III. *Analysis*

Appellant argues, as he did in his motion for new trial, that his punishment is grossly disproportionate to the offense and, therefore, constitutes cruel and unusual punishment. As a general rule, Texas courts do not consider a punishment as excessive, cruel, or unusual if it is within the statutory punishment range established by the state legislature. *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Dale v. State*, 170 S.W.3d 797, 799 (Tex. App.—Fort Worth 2005, no pet.); *Hernandez v. State*, No. B14-92-00704-CR, 1994 WL 468348, at *6 (Tex. App.—Houston [14th Dist.] Sept. 1, 1994, no pet.) (not designated for publication). As a very narrow exception, an individual's sentence may constitute cruel and unusual

punishment despite falling within the statutory range if it is grossly disproportionate to the offense. *Solem v. Helm*, 463 U.S. 277, 287 (1983). However, "*successful* challenges to the proportionality of particular sentences [will be] exceedingly rare." *Id.* at 289–90 (alteration in original) (quoting *Rummel v. Estelle*, 445 U.S. 263, 272 (1980)).

In *Solem*, the Supreme Court developed a proportionality analysis in order to determine whether a punishment set within the statutory range is cruel and unusual. *Solem*, 463 U.S. at 292; *Dale*, 170 S.W.3d at 799. This proportionality analysis includes three factors:

> (1) a comparison between the severity of the punishment and the gravity of the offense,
> (2) a comparison between Appellant's sentence and sentences for the same offense throughout Texas, and
> (3) a comparison between Appellant's sentence and sentences for the same offense in other jurisdictions.

*Solem*, 463 U.S. at 292. First, we must compare the severity of the punishment and the gravity of the offense. *Id.* As part of this determination, we will consider the harm inflicted and threatened to be inflicted on either the victim or society. *Alvarez v. State*, 63 S.W.3d 578, 581 (Tex. App.—Fort Worth 2001, no pet.). If we determine that the punishment is grossly disproportionate to the offense, then we will compare Appellant's sentence to sentences for the same offense throughout Texas and other jurisdictions. *Id.* However, if we conclude that the punishment is not grossly disproportionate to the offense, then we will not consider the remaining two factors set forth in *Solem*. *Dale*, 170 S.W.3d at 800.

The trial court adjudged Appellant's guilt and assessed punishment at confinement for a period of eleven years. As a second-degree felony, the statutory punishment range is confinement for no more than twenty years and no less than two years. PENAL § 12.33(a). Given the facts of the present case and given that

Appellant's punishment is in the middle of the statutory range, Appellant's punishment is not grossly disproportionate to the gravity of the offense. With no finding that Appellant's punishment is grossly disproportionate to the offense, there is no need to compare Appellant's punishment to other sentences for the same offense in Texas or other jurisdictions. *Dale*, 170 S.W.3d at 800.

## IV. *Conclusion*

We hold that Appellant's punishment of confinement for a period of eleven years on each county—to run concurrently—does not constitute cruel and unusual punishment under the Eighth Amendment of the United States Constitution; Article I, section 13 of the Texas Constitution; or Article 1.09 of the Texas Code of Criminal Procedure. *See* U.S. CONST. amend. VIII; TEX. CONST. art. I, § 13; CRIM. PROC. art. 1.09. We overrule Appellant's sole issue.

## V. *This Court's Ruling*

We affirm the judgments of the trial court.


MIKE WILLSON

JUSTICE


August 21, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.