

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-13-00006-CR
_____

DAVID HERNANDEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 46th District Court
Wilbarger County, Texas
Trial Court No. 10,179, Honorable Stuart Messer, Presiding

August 21, 2014

# MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant David Hernandez appeals the trial court's revocation of his community supervision and judgment sentencing him to ten years' confinement in prison for indecency with a child.[1]  Finding no abuse of discretion by the trial court, we will affirm the judgment.

---

[1] TEX. PENAL CODE ANN. § 21.11 (West 2011).

Background

Appellant was convicted for indecency with a child in September 2002, and sentenced to ten years' confinement in prison. Execution of the sentence was suspended in favor of appellant's placement on community supervision.

In a July 2006 motion, the State sought revocation of appellant's community supervision on the ground he failed to complete sex offender counseling as ordered. The motion was denied. A subsequent motion to revoke was filed in January 2010, alleging a similar ground. The motion was granted and appellant was sentenced to ten years' confinement in prison in March 2010. Within six months of sentencing, the trial court conducted a "shock hearing,"[2] and placed appellant under an order of community supervision for ten years.

Through a May 2012 multi-ground motion, the State again moved to revoke appellant's community supervision. Among the grounds, the State asserted appellant was found at a location within a distance of 1,000 feet of a school, in violation of a condition of his community supervision order. It was not disputed that appellant did not request permission of his community supervision officer before going within that distance of a school. At the conclusion of the revocation hearing, the trial court found

---

[2] *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 6 (West Supp. 2014) (under circumstances described, trial court's jurisdiction in a felony case continues for 180 days from the date execution of sentence of imprisonment begins, allowing court to suspend further execution of sentence). "This provision, commonly referred to as 'shock probation,' allows the trial court to suspend further imposition of sentence after the convicted party has experienced the 'shock' of actual incarceration." *Sutton v. State,* No. 07-08-0040-CR, No. 07-08-0041-CR, 2009 Tex. App. LEXIS 254, at *1-2 (Tex. App.—Amarillo Jan. 14, 2009, no pet.) (mem. op., not designated for publication).

the allegation true. It revoked appellant's community supervision and sentenced him to ten years' confinement in prison. Appellant timely appealed.

## Analysis

The sole question on review of an order revoking community supervision is whether the trial court abused its discretion. *Rickels v. State,* 202 S.W.3d 759, 763 (Tex. Crim. App. 2006) (citing *Cardona v. State,* 665 S.W.2d 492, 493 (Tex.Crim.App.1984)). A trial court does not abuse its discretion if some evidence supports its decision. *Osbourn v. State,* 92 S.W.3d 531, 538 (Tex. Crim. App. 2002). In determining the sufficiency of the evidence to sustain a revocation order, we view the evidence in the light most favorable to the ruling of the trial court. *Jones v. State,* 589 S.W.2d 419, 421 (Tex. Crim. App. 1979). It is the burden of the State to prove by a preponderance of the evidence that the defendant violated a condition of community supervision as alleged in its motion to revoke. *Cobb v. State,* 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). The burden is sustained if the greater weight of the credible evidence creates a reasonable belief that the defendant violated a condition of community supervision. *Rickels,* 202 S.W.3d at 763-64. Proof of even one violation will support an order revoking community supervision. *Leach v. State,* 170 S.W.3d 669, 672 (Tex. App.—Fort Worth 2005, pet. refused). The trial judge is the exclusive trier of fact and judge of credibility of the witnesses and the weight given their testimony. *St. George v. State,* 237 S.W.3d 720, 725 (Tex. Crim. App. 2007).

Through his first issue, appellant argues the trial court abused its discretion by assessing "an unreasonable sentence under the circumstances of this case."

Indecency with a child is a second degree felony[3] carrying a range of punishment by confinement in prison of two to twenty years.[4]  The jury in 2002 assessed punishment at ten years' confinement.  When the trial court revoked appellant's community supervision it could rightly dispose of the case as if there had been no community supervision.  TEX. CODE CRIM. PROC. ANN. art. 42.12, § 23(a) (West Supp. 2014).  Appellant's sentence falls within the range prescribed by a valid statute. "Generally, punishment assessed within the statutory limits is not excessive, cruel, or unusual punishment."  *Dale v. State,* 170 S.W.3d 797, 799 (Tex. App.—Fort Worth 2005, no pet.).

If appellant's issue raises an assertion his punishment was grossly disproportionate, under Eighth Amendment analysis, to the offense for which he was convicted, we cannot agree with the assertion.

"[T]he Eighth Amendment has been read to preclude a sentence that is greatly disproportionate to the offense, because such sentences are cruel and unusual." *McGruder v. Puckett,* 954 F.2d 313, 315 (5th Cir. 1992) (internal quotation marks omitted).  Thus, even a sentence within the statutorily prescribed range may violate the Eighth Amendment.  The Eighth Amendment proportionality analysis begins with an objective comparison of the gravity of the offense with the severity of the sentence. *McGruder,* 954 F.2d at 316; *Winchester v. State,* 246 S.W.3d 386, 389 (Tex. App.—Amarillo 2008, pet. refused); *Dale,* 170 S.W.3d at 799.  Only if we are able to infer that the sentence is grossly disproportionate to the offense will we consider the two

---

[3] TEX. PENAL CODE ANN. §  21.11(a)(1), (d) (West 2011).

[4] TEX. PENAL CODE ANN. § 12.33 (West 2011).

4

remaining factors set out in *Solem v. Helm*.[5]  *McGruder,* 954 F.2d at 316; *Winchester,* 246 S.W.3d at 389.

The Eighth Amendment does not require strict proportionality between the crime and the sentence; rather, it forbids extreme sentences that are "grossly disproportionate" to the crime.  *Ewing v. California,* 538 U.S. 11, 23, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003).  The precise contours of the "grossly disproportionate" standard are unclear, but it applies in only "exceedingly rare" and "extreme" cases.  *Lockyer v. Andrade,* 538 U.S. 63, 73, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003).  "The gross disproportionality principle reserves a constitutional violation for only the extraordinary case."  *Id.* at 77.

In his brief, appellant acknowledges that a ten-year sentence for indecency with a child is "prima facie reasonable."  Appellant argues, however, the evidence he "struggled diligently to comply with the 'extensive' requirements [of community supervision]" militates against the sentence imposed.  We have reviewed the record, including the evidence that, since his initial placement on community supervision in 2002, appellant has satisfied many of the terms of community supervision.  But the comparison we must address is that between the gravity of his offense of indecency with a child and the severity of a sentence of ten years' imprisonment.  The record shows the indecency was appellant's touching the genitals of a female child younger

_____

[5] In *Solem,* the Court established three objective criteria for a reviewing court to apply in analyzing a proportionality claim: "(i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions."  *Solem v. Helm,* 463 U.S. 277, 292, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983).

than 17 years old, and that it occurred in 2001. Notations in the record indicate at the time of the offense appellant was over the age of 40. Although it also recommended community supervision, the jury assessed a ten-year sentence after finding appellant guilty of the offense in 2002. When sentencing appellant on this occasion, the trial court noted shock probation had been applied after the 2010 revocation, and rhetorically questioned the benefit of another "intermediate sanction." The evidence to which appellant points does not demonstrate that the ten-year sentence imposed is grossly disproportionate to his offense. *See Speckman v. State*, Nos. 07-13-0232-CR, 13-0233-CR, 2014 Tex. App. LEXIS 5615 (Tex. App.—Amarillo May 23, 2014, no pet.) (similar analysis in sexual assault case). Appellant's first issue is overruled.

By his second issue, appellant asserts the evidence was insufficient to support the trial court's finding that he violated a condition of community supervision by going within a distance of 1,000 feet of a school.

Condition thirty-six of appellant's order of community supervision stated:

Do not reside, go in, go on, or go within a distance, of 1000 feet of a premises where children commonly gather, including a school, day-care facility, playground, public or private youth center, public swimming pool or video arcade facility, unless all living arrangements or other exceptions have been reported to and approved by the supervision officer.

Evidence showed that on January 20, 2012, police located appellant at a residence in Vernon. The community supervision officer overseeing appellant's case

6

testified that he measured distances from the residence. He determined the property lies 324 feet from the Vernon Middle School.[6]

Appellant's "care provider" testified for appellant. She occupies the residence, and explained the reasons for appellant's presence there. But as noted, appellant did not request approval from his supervising officer.

Applying the law that governs our review of appellant's issues, we find sufficient evidence supports the finding of the trial court that appellant violated condition thirty-six of his order of community supervision. He was found within 1,000 feet of Vernon Middle School. We must conclude, therefore, the trial court did not abuse its discretion in revoking appellant's order of community supervision. Appellant's second issue is overruled.

Conclusion

Having overruled appellant's two issues, we affirm the judgment of the trial court.

James T. Campbell<br>Justice

Do not publish.

---

[6] He also testified the residence lies 706 feet from a park. The park contains a playground.