

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

———————————————————

## No. 07-17-00280-CR

———————————————————

### MICHAEL ALLEN BURNS, APPELLANT

### V.

### THE STATE OF TEXAS, APPELLEE

On Appeal from the 361st District Court
Brazos County, Texas
Trial Court No. 15-03637-CRF-361; Honorable Steve Smith, Presiding

March 2, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Following a plea of guilty, Appellant, Michael Allen Burns, was convicted of possession of cocaine in an amount of less than one gram, a state jail felony.[1] As part of his plea bargain, Appellant was sentenced pursuant to section 12.44(a) of the Texas

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West 2017).

Penal Code which permits a court to punish a defendant convicted of a state jail felony by imposing confinement for that of a Class A misdemeanor if, after considering the gravity and circumstances of the felony committed and the history, character, and rehabilitative needs of the defendant, the court finds such punishment best serves the ends of justice.[2] Appellant was sentenced to time served (300 days confinement in the Brazos County Jail). He was given permission to appeal pretrial rulings. In presenting this appeal, counsel has filed an *Anders*[3] brief in support of a motion to withdraw.[4] We affirm and grant counsel's motion to withdraw.

In support of her motion to withdraw, counsel certifies she has conducted a conscientious examination of the record, and in her opinion, it reflects no potentially plausible basis for reversal of Appellant's conviction. *Anders v. California*, 386 U.S. 738, 744-45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel candidly discusses why, under the controlling authorities, the record supports that conclusion. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel has demonstrated that she has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of the right to file a *pro se* response if he desired to do so, and

---

[2] TEX. PENAL CODE ANN. § 12.44(a) (West 2011).

[3] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

[4] Originally appealed to the Tenth Court of Appeals, this appeal was transferred to this court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001 (West 2013). Should a conflict exist between precedent of the Tenth Court of Appeals and this court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

(3) informing him of the right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[5] By letter, this court granted Appellant an opportunity to exercise his right to file a response to counsel's brief, should he be so inclined. *Id.* at 409 n.23. Appellant did not file a response. Neither did the State favor us with a brief.

BACKGROUND

Appellant, proceeding *pro se* at his trial for possession of cocaine, argued four motions to the trial court which were denied. Those motions include (1) *Motion to Set Aside Indictment for Delay*; (2) *Notice of Constitutional Challenge to Status Hearing*; (3) *Motion to Suppress Evidence and Affidavit for Entry of Default Judgment*; and (4) *Objections to Indictments Based on Defects, Motion to Dismiss, and Affidavit for Entry of Default Judgment*. After his motions were denied, he engaged in an awkward *voir dire* during which certain perspective jurors implored him to take advantage of his stand-by counsel. Appellant requested a recess and after consulting with stand-by counsel, decided to plead guilty to the charge. He signed a stipulation and judicial confession. In exchange for time served, the State agreed to dismiss other charges.

---

[5] Notwithstanding that Appellant was informed of his right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22, 411 n.35. The duty to send the client a copy of this court's decision is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *Id.* at 411 n.33.

3

Finding that Appellant's plea was given freely, voluntarily, and intelligently, the trial court accepted the plea deal and sentenced Appellant accordingly. Appellant was given permission to appeal rulings based on written pretrial motions.[6]

ANALYSIS

By the *Anders* brief, counsel evaluates the record and determines that the trial court's judgment is supported by the evidence and Appellant's judicial confession. She also finds that Appellant's sentence is within the statutory range for a Class A misdemeanor. *See Hammons v. State*, No. 10-17-00037-CR, 2017 Tex. App. LEXIS 8718, at *5 (Tex. App.—Waco Sept. 13, 2017, no pet.) (mem. op., not designated for publication) (citing *Dale v. State*, 170 S.W.3d 797, 799 (Tex. App.—Fort Worth 2005, no pet.)).

Additionally, the trial court's rulings on Appellant's various pretrial motions are reviewed for abuse of discretion. *See Colyer v. State*, 428 S.W.3d 117, 122 (Tex. Crim. App. 2014). A trial court abuses its discretion if it acts arbitrarily or unreasonably, i.e., without reference to any guiding rules and principles. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). The record before us does not show that the trial court's pretrial rulings were arbitrary or unreasonable.

We have also independently examined the record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S.

---

[6] Instead of marking the box in the *Trial Court's Certification of Defendant's Right of Appeal* granting permission to appeal only pretrial rulings, the trial court marked the box giving Appellant permission to appeal his entire case. *See* TEX. R. APP. P. 25.2(a)(2)(B). In the interest of justice, we will apply the principles of *Anders v. California* in our review of the entire case.

75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the record and counsel's brief, we agree with counsel that there is no plausible basis for reversal of Appellant's conviction. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

CONCLUSION

The trial court's judgment is affirmed and counsel's motion to withdraw is granted.


Patrick A. Pirtle
Justice


Do not publish.